## ABE GOLDSTEIN v. NORTHERN PACIFIC RAILWAY COMPANY, a Corporation.

### (L.R.A. 1918A, 612, 164 N. W. 143.)

**Witness — language used — construction of — matter for jury.**

1. The construction of the language used by a witness in giving testimony is a matter for the jury.

**Incompetent evidence — introduced without objection — must be treated as competent — for purpose offered.**

2. As a general rule, incompetent evidence which is introduced without objection becomes evidence in the particular case, and must be treated as competent evidence for the purpose for which it is offered.

**Baggage checks — stipulations on — schedules — recitals in — right to recover — not limited by — property intrusted to defendant for transportation — wrongful conversion of.**

3. For reasons stated in the opinion, it is *held* that stipulations on baggage

---

Note.—On the question of limitation of carrier's liability for passenger's baggage, see notes in 19 L.R.A. (N.S.) 1006, 34 L.R.A. (N.S.) 818, and L.R.A. 1916A, 1273.

checks and recitals in defendant's schedules, limiting the value of baggage to be checked for free transportation upon a whole passenger ticket to $100, do not limit plaintiff's right of recovery in the case at bar wherein the jury found that defendant wrongfully and unlawfully converted to its own use property of the value of $182.50 which plaintiff had intrusted to it for transportation.

**Jury — court — instructions.**

4. Certain instructions considered and held nonprejudicial.

Opinion filed August 1, 1917.

Appeal from the District Court of Grand Forks County, *Cooley,* J. From a judgment and an order denying its alternative motion for judgment notwithstanding the verdict, or for a new trial, defendant appeals.

Affirmed.

*Watson, Young & Conmy,* for appellant.

Plaintiff has failed to sustain his burden and prove conversion of the property in question. There were storage charges against this property, and there is no proof that plaintiff paid or offered to pay same. There could be no conversion until such payment or offer of payment by plaintiff, followed by either refusal to deliver or failure to ship. Ray v. Green, 113 Ga. 920, 39 S. E. 470.

The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague or equivocal. Western & A. R. Co. v. Evans, 96 Ga. 481, 23 S. E. 494; Freyermuth v. South Bound R. Co. 107 Ga. 32, 32 S. E. 668; Ray v. Green, supra; Farmer v. Davenport, 118 Ga. 289, 45 S. E. 244; Southern Bank v. Goette, 108 Ga. 796, 33 S. E. 974; Southern R. Co. v. Hobbs, 121 Ga. 428, 49 S. E. 294.

Where the testimony of such witness is open to two constructions, that one which is most unfavorable to him will be adopted, and where such testimony is of a doubtful character, equivocal and uncertain, the rule applies more strongly. 2 Moore, Carr. §§ 1260, 1261, 1269, 1270, 1272; Bennett v. Rogers, 12 Neb. 382, 11 N. W. 314; Smith & G. Mfg. Co. v. Sprague, 123 U. S. 258, 31 L. ed. 144, 8 Sup. Ct. Rep. 122; Clark Thread Co. v. Willimantic Linen Co. 140 U. S. 481, 35 L. ed. 521, 11 Sup. Ct. Rep. 846.

The amount of the recovery here is limited by the filed tariffs offered

in evidence. Ford v. Chicago, R. I. & P. R. Co. 123 Minn. 87, 143 N. W. 249; Boston & M. R. Co. v. Hooker, 233 U. S. 97, 58 L. ed. 868, L.R.A.1915B, 450, 34 Sup. Ct. Rep. 526, Ann. Cas. 1915D, 593; Missouri, K. & T. R. Co. v. Hailey, — Tex. Civ. App. —, 156 S. W 1119; Louisville & N. R. Co. v. Miller, 156 Ky. 677, 50 L.R.A.(N.S.) 819, 162 S. W. 73; Barstow v. New York, N. H. & H. R. Co. 158 App. Div. 665, 143 N. Y. Supp. 983; Wright v. Southern P. Co. 181 Mo. App. 137, 167 S. W. 1137.

Such limitation of value is binding even if the passenger's attention was not called to it, or he informed of it. Boston & M. R. Co. v. Hooker, 233 U. S. 97, 58 L. ed. 868, L.R.A.1915B, 450, 34 Sup. Ct. Rep. 526, Ann. Cas. 1915D, 593; Kansas City Southern R. Co. v. Carl, 227 U. S. 639, 57 L. ed. 683, 33 Sup. Ct. Rep. 391; Adams Exp. Co. v. Croninger, 226 U. S. 491, 57 L. ed. 314, 44 L.R.A.(N.S.) 257, 33 Sup. Ct. Rep. 148; Spada v. Pennsylvania R. Co. 86 N. J. L. 187, 92 Atl. 379; Ford v. Chicago, R. I. & P. R. Co. 123 Minn. 87, 143 N. W. 249; Missouri, K. & T. R. Co. v. Walston, 37 Okla. 517, 133 Pac. 42; Chicago, R. I. & P. R. Co. v. Craig, — Okla. —, 157 Pac. 87; Georgia, F. & A. R. Co. v. Blish Mill. Co. 241 U. S. 190, 60 L. ed. 948, 36 Sup. Ct. Rep. 541.

Conversion is not the proper remedy here. There is no proof of wilful and tortious holding. Taugher v. Northern P. R. Co. 21 N. D. 111, 129 N. W. 747.

The wholesale price or value of property is not proper proof of value in a case of this kind. Lincoln v. Packard, 25 Tex. Civ. App. 22, 60 S. W. 682; Gensburg v. Marshall Field & Co. 104 Iowa, 599, 74 N. W. 3; United Shoe Machinery Co. v. Holt, 185 Mass. 97, 69 N. E. 1056; Hunt v. Boston, 183 Mass. 303, 67 N. E. 244.

The measure of damages is the value of the property at the time of the conversion, and not what was paid for it, or for what it sold, and such value must be so fixed as of the time and place of conversion. Horine v. Bone, 69 Mo. App. 481; Trover and Conversion, 38 Cyc. 2094; Trover and Conversion, 19 Decen. Dig. § 45; Sears v. Lydon, 5 Idaho, 358, 49 Pac. 122; Greeley v. Stilson, 27 Mich. 153; First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 281, 91 N. W. 436; Towne v. St. Anthony & D. Elevator Co. 8 N. D. 200, 77 N. W. 608; Q. W. Loverin-Browne Co. v. Bank of Buffalo, 7 N. D. 569,

75 N. W. 923; Citizens' Nat. Bank v. Osborne-McMillan Elevator Co. 21 N. D. 335, 131 N. W. 266; Catlett v. Stokes, 21 S. D. 108, 110 N. W. 84.

A certain instruction by the trial court injected into this case the question of negligence. This was prejudicial error. McPherrin v. Jones, 5 N. D. 261, 65 N. W. 685.

*O'Connor & Johnson,* for respondent.

There was ample evidence in the case showing the date of plaintiff's arrival at the station where his goods were and where he gave his instructions concerning their shipment, and also ample and competent evidence as to their value at that time and place. Richmire v. Andrews & G. Elevator Co. 11 N. D. 453, 92 N. W. 819; Ætna Indemnity Co. v. Schroeder, 12 N. D. 110, 95 N. W. 436; Merritt v. Great Northern R. Co. 81 Minn. 496, 84 N. W. 321, 9 Am. Neg. Rep. 61.

The obligations of a common carrier cannot be limited by general notice on his part, but may be limited by special contract. Comp. Laws 1913, §§ 6240, 6245.

The carrier cannot limit his liability excepting as provided by statute. Hanson v. Great Northern R. Co. 18 N. D. 324, 138 Am. St. Rep. 768, 121 N. W. 78; Hutchinson, Carr. Revised Ed. § 399ff; Moore, Carr. 1329, 1334, 1341, 1342; Cooley, Torts, 1347; Wells v. Great Northern R. Co. 59 Or. 165, 34 L.R.A.(N.S.) 818, 114 Pac. 92, 116 Pac. 1070, 1 N. C. C. A. 659.

The filed tariffs are not binding on plaintiff because he was not informed of the schedules, nor was his attention directed to the limitation of liability on the baggage check, nor was the value mentioned. Dunnell, Dig. (Minn.) §§ 1312, 1319.

There was a conversion of plaintiff's property. The railroad company imposed a condition upon the delivery of the baggage to plaintiff which it had no right to do, and that act alone is evidence of conversion. Adams v. Clark, 9 Cush. 215, 57 Am. Dec. 42; Claflin v. Gurney, 17 R. I. 185, 20 Atl. 932; Cooley, Torts, pp. 859, 860, 867, 873, note 6; Wamsley v. Atlas S. S. Co. 168 N. Y. 533, 85 Am. St. Rep. 699, 61 N. E. 896; Brewster v. Silliman, 38 N. Y. 423; Baltimore & O. R. Co. v. O'Donnell, 49 Ohio St. 489, 21 L.R.A. 117, 34 Am. St. Rep. 579, 32 N. E. 476; Cooley, Torts, 878.

Evidence of the value of the property at the time of its delivery to

the carrier is sufficient. The jury need not accept the value as fixed by an expert witness, called for that purpose. Shuman v. Ruud, 35 N. D. 384, 160 N. W. 507; Lamb v. O'Reilly, 13 Misc. 212, 34 N. Y. Supp. 235.

The correct measure of damages is the cost of replacing the goods plus transportation charges. Wohle v. Haviland, 69 N. Y. 448; Fernwood Masonic Hall Asso. v. Jones, 102 Pa. 307.

But these goods had a special value to the plaintiff, and the defendant has been apprised of this fact. 4 Sutherland, Damages, 3d ed. p. 3267; Blackmer v. Cleveland, C. & St. L. R. Co. 101 Mo. App. 557, 73 S. W. 913; Comp. Laws 1913, § 7179.

The goods were in the court room and before the jury during the trial. They were inventoried by appellant's own witness, and each article considered separately before the jury. Craig v. Durrett, 1 J. J. Marsh. 365, 19 Am. Dec. 103; Louisville & N. R. Co. v. Mason, 11 Lea, 116.

An instruction may be erroneous and technically incorrect; yet this court will not reverse the judgment and order a new trial as a matter of course. State v. Reilly, 25 N. D. 373, 141 N. W. 720.

Christianson, J. The plaintiff brought this action in the district court of Grand Forks county against the Northern Pacific Railway Company to recover $379.25, the alleged value of a certain stock of goods which it is alleged the railway company converted.

The complaint alleges that on or about November 22, 1915, the plaintiff purchased a ticket of the defendant at its station in Forest River, entitling him to travel from Forest River to Drayton, and that at the same time and place he checked as baggage two parcels, which contained the goods involved in this case, and received from the defendant's agent two baggage checks for such parcels. That thereafter on November 23, 1915, the plaintiff purchased a ticket from the defendant's agent at Drayton, entitling him to travel from Drayton to Grafton, and that the defendant engaged as part of the same transaction to carry the two parcels heretofore mentioned as baggage from Drayton to Grafton. That defendant knew the contents of said parcels, and accepted the same with full knowledge of such contents, and with full knowledge of the fact that the goods so checked as baggage were to be

delivered by plaintiff to customers upon his arrival at Grafton. That the plaintiff thereafter called at the baggage office of the defendant at Grafton on the 23d, 24th, 25th, and 26th of November, 1915, and inquired for and demanded delivery of such parcels, but was advised by the defendant's agent at that place that the same had not arrived. That thereafter and on or about November 28 or 29, 1915, the plaintiff was advised by the defendant's baggage agent at Grafton that said parcels had arrived, but that said agent refused to deliver the same to plaintiff on his demand therefor. That plaintiff was the owner of the goods contained in such parcels, and that upon the dates heretofore mentioned and also on or about February 10, 1916, he demanded a return and delivery to him of said goods so checked and carried as baggage, and that defendant refused to deliver the same, and wrongfully converted the same to its own use to plaintiff's damage in the sum of $379.25.

To this complaint defendant interposed an answer wherein it admits that the plaintiff purchased a ticket from its agent at Forest River, entitling him to transportation as a passenger over defendant's railway from Forest River to Drayton; that defendant checked two parcels of baggage from Forest River to Drayton, and alleges that the defendant had the same in its possession at Drayton, North Dakota, ready and willing to turn the same over to plaintiff, but that plaintiff neglected to call for the same, and made no request as to the disposal of such parcels, until on November 25, 1915, when he notified defendant's agent at Drayton by letter, and requested him to forward the parcels to Grafton, North Dakota. That at that time 50 cents storage charges had accrued for the storage of said goods. That the defendant has been at all times and still is ready and willing to turn over said baggage to the plaintiff upon the payment of said storage charges. The answer further alleges that the parcels received and checked by it were not entitled to be checked and forwarded as baggage, under the duly filed tariff schedules of the defendant, and that according to such tariff the defendant's liability was limited to $100.

The case was tried to a jury upon the issues framed by these pleadings, and resulted in a verdict in favor of the plaintiff for $182.50. Judgment was entered pursuant to the verdict, and defendant appeals from

the judgment and from the order denying its alternative motion notwithstanding the verdict or for a new trial.

Appellant's assignments of error on this appeal are predicated upon two grounds: (1) Insufficiency of the evidence to sustain the verdict; (2) errors in instructions given and refused.

Appellant specifies two particulars wherein the evidence is insufficient to justify the verdict. Appellant's first specification of insufficiency is to the effect that the evidence shows that the plaintiff arrived at Drayton on the evening of November 22, 1915, and did not leave there until the morning of November 24, 1915. That consequently there was at that time due storage charges against the two parcels amounting to 50 cents. And that, in view of the conceded fact that plaintiff never tendered this or any other sum to the defendant in payment of such storage charges, defendant had a right to retain the possession of the goods, and would not be guilty of conversion.

While plaintiff's testimony on this proposition is somewhat ambiguous, it was for the jury to construe the language used (14 Enc. Ev. 215), and we are agreed that the evidence, as a whole, fully justifies the conclusion reached by the jury and the trial judge; viz., that plaintiff arrived at Drayton in the evening of November 22d, and left on the train for Grafton on the morning of November 23d.

Appellant's second specification of insufficiency is that "the evidence is insufficient to justify the verdict in that there is no proper proof of damages in the case, or proper proof of the value of the goods in question here at Grafton on the date of the claim of conversion."

Plaintiff testified that he had been engaged in selling goods of the kind involved in this controversy for the last twenty years. That during the last fifteen or sixteen years he had personally bought the goods so sold, and that he personally purchased the goods involved in this controversy.

On direct examination the following questions were propounded to plaintiff, and the following answers given thereto by him:

Q. Tell us the value of these,—the wholesale value of these goods in November on the days that I gave you awhile ago in November, 1915?

A. Well, between $375 and $390.

Q. What did you say?
A. About $375.
Q. $375?
A. Yes.

It is true that plaintiff also testified that this was the price he paid for them, but this fact does not destroy his testimony as to value, but if anything tends to corroborate his testimony on this point. A list prepared by plaintiff and under his direction, showing the contents of the two parcels and the prices paid by plaintiff for these goods in November, 1915, was offered and received in evidence without objection. In fact all the testimony of the plaintiff with respect to such value was received without objection.

As a general rule, "incompetent evidence which is introduced without objection becomes evidence in the particular case, and must be treated as any other competent evidence. . . . When evidence has been offered for a particular purpose, and no objection is made thereto, it must be treated as competent evidence for the purpose for which it is offered." 9 Enc. Ev. 111, 112. See also 19 Decen. Dig. Trial, § 105.

Plaintiff was the owner of the goods. And ordinarily an owner may testify to the value of his property. It also seems as though plaintiff had shown sufficient qualification to testify as an expert to the value of the property involved in this case. But even though the testimony was incompetent, the objection to its competency cannot be raised for the first time after the verdict by motion or specifications challenging the sufficiency of the evidence.

Appellant's next contention is that the court erred in denying its request to instruct the jury to the effect that plaintiff could in no event recover more than $100. This contention is based upon the schedules of passenger rates of defendant and the stipulation on the baggage checks limiting the value of baggage to be checked for free transportation upon a whole passenger ticket to $100. There is much force in appellant's argument that, in view of the present statutes of this state (Comp. Laws 1913, §§ 4724, 4725, and 4727), which require railroads to print and keep for public inspection schedules showing the rates, fares, and charges for the transportation of passengers and

37 N. D.—39.

property, the rule announced by the United States Supreme Court in similar cases arising under the Interstate Commerce Act should apply. The rule announced by the United States Supreme Court in such cases being that, where a common carrier offers to passengers or shippers a choice of alternate rates, fairly based upon valuation, a railroad may not only limit its liability by special contract, but may limit such liability in its schedules for passenger or freight tariffs; and that a limitation in, and made a part of, such schedules, thereby becomes an essential part of the rate, binding upon, and controlling of the rights of, the contracting parties. Boston & M. R. Co. v. Hooker, 233 U. S. 97, 58 L. ed. 868, L.R.A.1915B, 450, Ann. Cas. 1915D, 593; Cincinnati, N. O. & T. P. R. Co. v. Rankin, 241 U. S. 319, 60 L. ed. 1022, L.R.A.1917A, 265, 36 Sup. Ct. Rep. 555. It is not necessary for us, however, in this case to determine whether, in view of §§ 6240 and 6242, Compiled Laws of 1913, a common carrier may under our laws limit its liability except by contract signed by the shipper, as we are satisfied that the limitation of liability is not available to the defendant in this case. Under the recognized common-law rule, a common carrier is liable, not only for its negligence, but is also liable as an insurer. The purpose of the limitation of liability is not to enable the carrier to commit wilful and intentional wrongs against the passenger or shipper and escape liability therefor, but merely to relieve the carrier from a certain amount of the liability incident to the contract of carriage. It is not necessary for us to determine whether, under the laws of this state, a carrier may by contract be relieved from liability arising by reason of negligence or gross negligence. While we agree with the United States Supreme Court that a passenger or shipper may not, by a mere change of the form of action, change the rights, which in reality are based upon the shipping contract (Georgia, F. & A. R. Co. v. Blish Mill. Co. 241 U. S. 190, 60 L. ed. 948, 36 Sup. Ct. Rep. 541), still we are aware of no case wherein it has been held that, by reason of a limitation of liability in the contract of carriage, a carrier may become the owner of goods intrusted to it for carriage, by wrongfully converting them to its own use, and paying the shipper a mere fraction of their actual value. To so hold would give to the stipulation limiting liability a force, and apply it for a purpose, never contemplated by the contracting parties. Such stipulations when valid should be enforced

in accordance with their terms to carry out the intent and the purposes contemplated by the contracting parties. In this case the record shows that the defendant has the goods involved herein in its possession. It produced them upon the trial. It is not a case wherein the goods have been misdelivered, injured, or lost. The court, at defendant's request, instructed the jury that "this is a suit in conversion, and the question of the delay in forwarding baggage or loss of sale or prospective profits of sale is here immaterial. . . . If the plaintiff seeks to recover damages for delay or loss of profits, he must bring a different form of action entirely." The court further instructed the jury that the burden was upon the plaintiff to show by a fair preponderance of the evidence that the plaintiff owned the property claimed; that the defendant has wrongfully detained it in its possession, and refused to deliver it to plaintiff upon demand therefor; and that defendant's refusal to deliver was unlawful and wrongful.

In an action like the one at bar, this court has appellate jurisdiction only, and reviews only the errors assigned upon the proceedings had in the trial court. N. D. Const. § 86; Erickson v. Wiper, 33 N. D. 193, 225, 157 N. W. 592. And the appellant has the burden of proving error, and must present a record affirmatively showing error. Erickson v. Wiper, supra. Consequently, we must assume that the evidence upon all the other features of the case, except the two particulars heretofore enumerated, is sufficient to sustain the verdict under the issues as framed by the pleadings, and that the record is free from error, except those specified and argued on this appeal. In view of the verdict as well as the special findings returned by the jury, we must assume that the evidence showed a wrongful and unlawful conversion by the defendant of property belonging to the plaintiff, of the value of $182.50. We are aware of no decision holding that a limitation of liability will avail a carrier under these circumstances. In George N. Pierce Co. v. Wells, F. & Co. 236 U. S. 278, 287, 59 L. ed. 576, 583, 35 Sup. St. Rep. 351, the United States Supreme Court refused to say whether a carrier, in addition to the liability stipulated, would also be liable for the value of what was left of property after a wreck. The trial court properly refused to instruct the jury that plaintiff's recovery be limited to $100.

Defendant also assigns error upon an instruction to the jury to the effect that, if the defendant negligently failed to forward plaintiff's

baggage from Drayton to Grafton within a reasonable time after plaintiff took the train from Drayton to Grafton, then the defendant would be entitled to make no charge for the storage. The specific objection to the instruction is that the court used the word "negligently," and thereby injected the question of negligence which it is contended was not an issue in the case. As the instruction, and the term "negligently" as used therein, went to the conduct of defendant with respect to the forwarding of the baggage; and inasmuch as the court had elsewhere in its instructions specifically charged the jury that no recovery could be had against the defendant if the baggage was forwarded from Drayton to Grafton within a reasonable time after plaintiff had departed from Drayton; and inasmuch as the court had further instructed the jury, at defendant's request, that plaintiff was not entitled to recover if there were any lawful storage charges whatever against the baggage,—we are unable to see wherein the defendant could possibly have been prejudiced by the giving of the instruction, or the use of the term "negligently" therein.

This disposes of all the errors assigned on this appeal. It follows from what has been said that the judgment and the order appealed from must be affirmed. It is so ordered.

ROBINSON, J. (concurring). I concur in the opinion of Mr. Justice Christianson. My criticism is that he has given this small case too much consideration. When parties go to law over a dispute of 50 cents or $2.50, they both deserve to lose, and their case deserves no consideration.