Tex. Cr. R. 229, 158 S. W. 277; Fox v. State, 53 Tex. Cr. R. 150, 109 S. W. 370."

[2] Appellant requested a charge to the effect that, if appellant delivered the whisky to Hodges, but at the instance and request of the latter bought it for him from a third person, and that appellant was acting only as the agent of the alleged purchaser, he would not be guilty. The refusal of this charge is assigned as error. Hodges testified that he bought a pint of whisky from appellant. On cross and redirect examination, describing the transaction in detail, he testified as follows:

"No, sir; I did not say that I sent [appellant] Joe after this whisky. He went after it without my sending him. No, sir; I did not act as principal, and he did not act as my agent to get the whisky for me. Yes, sir; I did tell you that he took his cane and went hobbling down the street and got the whisky. No, sir; he certainly did not act as my agent in going after the whisky for me. Yes, sir; he got it of his own accord. No, sir; I did not have him to get it for me. I asked him if I could buy it from him, and he said he would get it for me. He didn't act as my agent at all. * * * I asked him for some whisky. He said he would get me some, and he went and got it. Yes, sir; he went and got it. I paid him for the whisky before he went after it. I gave him the money, and he brought me the whisky."

Appellant asserted that Hodges brought the whisky to appellant's house at the time he came there, and turned it over to appellant to keep for him while he was engaged in gambling with other parties then at appellant's house, and that when Hodges left appellant redelivered the same whisky to Hodges which was brought there by him. We do not believe under these circumstances the issue of agency was raised. There was no request on the part of Hodges that appellant buy whisky for him from some one else, but a direct offer to buy from appellant himself. In response to this appellant received the money, went away from his home for a little while, returned, and delivered the whisky to Hodges. Appellant does not claim to have purchased the liquor from a third party at the request of Hodges, but claims the whisky was brought there by Hodges himself. The case of Scott v. State, 70 Tex. Cr. R. 57, 153 S. W. 871, cites many authorities supporting the proposition that, if accused is in no way interested on behalf of the seller, but simply acts as agent of the alleged purchaser, he is not guilty of making a sale, and others supporting the further proposition that, if there is evidence that accused bought liquor from another as an agent of the alleged purchaser, and was not interested in behalf of the seller, it would be error to refuse a charge affirmatively presenting this issue. These proposi-

tions, in our opinion, are not raised by the evidence in the present case. Appellant, himself, does not claim to have secured it from any third person, and we do not believe the testimony of Hodges raises the issue of agency.

In our opinion the judgment should be affirmed, and it is so ordered.

---

**JESTER v. LANCASTER et al.   (No. 113.)***

(Court of Civil Appeals of Texas. Waco. Nov. 20, 1924. Rehearing Denied Dec. 18, 1924.)

**1. Statutes ⬅228—Rule of construction of proviso stated.**

While a proviso should be strictly construed, such construction must be in harmony with legislative intent as disclosed by section to which it is appended and by the act as a whole.

**2. Carriers ⬅405(1)—Scope of federal statute permitting limitation of liability for loss of or injury to baggage stated.**

Proviso in U. S. Comp. St. § 8604a, that liability for full actual loss or damage to all property received for interstate transportation, notwithstanding any limitation thereof, shall not apply to baggage carried on passenger trains or boats *held* intended to apply generally to carriers using such means of transportation, and not to distinguish between liability for loss or damage to baggage in custody of such carriers under contracts for transportation, and such liability after transporation has actually been begun.

**3. Carriers ⬅93—Carrier liable for "conversion," where delivering property to any one not authorized to receive it.**

When carrier delivers property received by it for transportation to any one not authorized to receive it, such delivery is a "conversion," and renders carrier liable, even though caused by an innocent mistake.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conversion.]

**4. Carriers ⬅408(6)—Whether carrier converted trunk and contents to its own use and benefit held for trier of facts.**

In action against carrier to recover value of trunk and contents, tried without a jury, whether carrier converted them to its own use and benefit *held* question for trial court.

**5. Appeal and error ⬅996—Issue is for trier of facts, where reasonable minds might differ as to effect of agreed facts.**

Where reasonable minds might differ as to effect of agreed facts, issue is for jury or court trying case without jury.

**6. Appeal and error ⬅931(4)—Issue of actual conversion deemed found in carrier's favor, where trial court's finding in its favor was general.**

In action to recover value of trunk and contents alleged to have been converted by car-

---

rier, finding of trial court in favor of carrier being general, issue of actual conversion must be deemed as found in its favor.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action L. L. Jester against J. L. Lancaster and others. From an adverse judgment, plaintiff appeals. Affirmed.

Spence, Haven, Smithdeal & Spence, of Dallas, for appellant.

Smith, Robertson & Robertson and Gaius G. Gannon, all of Dallas, for appellees.

GALLAGHER, C. J. Appellant, L. L. Jester, brought this suit in the district court of Dallas' county to recover of appellees, the Southern Pacific Company, and J. L. Lancaster and C. L. Wallace, receivers of the Texas & Pacific Railway Company, the sum of $1,400, the alleged value of a trunk and contents.

Appellant, on September 20, 1920, held two railroad tickets entitling him and his wife to transportation on the railroads operated by appellees and intervening roads from San Francisco, Cal., to Dallas Tex., and also to transportation of baggage according to the rules and regulations of appellees in force at that time. On said date appellant presented to appellee Southern Pacific Company, in an office maintained by it in the city of San Francisco for the reception and checking of baggage for transportation, one wardrobe trunk and one steamer trunk to be checked on said tickets from San Francisco to Dallas, Tex. Said agent weighed said trunks, and stated to appellant that they were overweight, and demanded and received from appellant for such excess weight $1.11, and as war tax thereon the further sum of 9 cents. Said agent then prepared cardboard checks for each of said trunks, detached the claim coupons therefrom, and delivered the same to appellant, and attached the remainder of said checks so prepared to said trunks respectively. Appellant saw said agent attach check No. 122458 to said wardrobe trunk, and said number corresponded with the claim coupon delivered to him therefor. Appellant also saw said agent attach the other check so prepared to said steamer trunk, and such check bore the same number as the claim coupon therefor given appellant. Nothing was said at the time by either said agent or appellant about declaring the value of said wardrobe trunk and contents or paying insurance thereon. Appellant did not see any tariff rule or regulation concerning the transportation of passengers or baggage posted in said office. There was nothing in either of said tickets upon which such baggage was checked with reference to limitation of liability as to the value thereof and nothing on either claim coupon with reference thereto. The usual and ordinary way of carrying baggage was by passenger train. The steamer trunk was transported to Dallas and delivered to appellant on surrender of the claim coupon so issued therefor. The wardrobe trunk was never delivered to appellant. When he presented the claim coupon therefor to the agent of said receivers at Dallas said agent tendered him another and different trunk from the one delivered by him and checked at San Francisco. Said trunk had upon it the identical check No. 122458 which appellant had seen placed upon his own trunk at San Francisco. Appellant declined to receive the trunk so tendered. The value of said wardrobe trunk, together with its contents, was $1,344.50. Nothing further is shown concerning what became of said trunk, except that it was erroneously delivered to some person other than appellant. While appellees had appellant's claim for the lost trunk under consideration and investigation, the general baggage agent of appellee Southern Pacific Company wrote a letter to appellant, containing, among other things not material here, the following:

"Some time ago I wrote you that we were working on a clue which we thought or at least hoped would result in recovering your trunk. While we are reasonably sure who got away with it, am sorry to say we have not succeeded in locating the party, and am afraid we will not be able to do so."

At a later date said general baggage agent wrote appellant a letter containing, among other statements, the following:

"We, of course, have the disclaimed trunk, and have been endeavoring to locate the owner, but she appears to be a very elusive person."

Prior to the issuance of said tickets on which said baggage was checked, appellees had filed with the Interstate Commerce Commission their baggage tariffs, as provided by the terms of the Interstate Commerce Act as amended (U. S. Comp. St. § 8563 et seq.) and in force at the time, in which baggage tariffs they had provided that only 150 pounds of baggage not exceeding $100 in value might be checked for each adult passenger without additional charge, but with an additional value allowance of $66\frac{2}{3}$ cents for each pound of excess weight on which additional charges were paid, and in which baggage tariffs they had further provided that, unless a greater value was declared by the passenger and excess value charges paid at the time of the delivery of baggage, their liability for or on account of the same should not exceed the amounts above stated. Measured by the provisions of such baggage tariffs, appellant's claim for said trunk and contents could not exceed $113.35. Prior to the trial in this case appellees tendered to appellant in full satisfaction of his demands against them on account of the nondelivery of said

trunk the said sum of $113.35, together with all costs of court accrued to the date of said tender, and appellant refused to accept the same.

The case was tried before the court, and judgment rendered for appellant against appellees for said sum of $113.35, with interest and costs of suit to date of the filing of their amended pleading setting up such tender. Said judgment is before us for review on appeal.

Appellant's first contention involves the proper construction of the first proviso incorporated in section 8604a, U. S. Comp. St. Said section, including said proviso, as far as is applicable to the issue under consideration, is as follows:

"Any common carrier, railroad, or transportation company * * * receiving property for transportation from a point in one state * * * to a point in another state * * * shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass * * * when transported on a through bill of lading, and no contract, receipt, rule, regulation, or other limitation of any character whatsoever, shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed; and any such common carrier, railroad, or transportation company so receiving property for transportation from a point in one state * * * to a point in another state * * * shall be liable to the lawful holder of said receipt or bill of lading or to any party entitled to recover thereon, whether such receipt or bill of lading has been issued or not, for the full actual loss, damage, or injury to such property caused by it or by any such common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass * * * when transported on a through bill of lading, notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made is hereby declared to be unlawful and void:

"Provided, however, that the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply,

"First, to baggage carried on passenger trains or boats, or trains or boats carrying passengers. * * * *"

Appellant concedes that he is bound by the terms of appellee's baggage tariffs so filed, regardless of notice thereof or assent

266 S.W.—70

thereto, so far as any limitation of liability for the loss of said trunk is concerned, if such limitation of liability comes within the authority conferred by said proviso to said section. His contention is that, inasmuch as such section makes the carrier liable for the full actual loss or damage to all property received for interstate transportation, the proviso under consideration should be strictly construed and the authority conferred thereby held to be confined to limitation of liability for baggage while being actually carried on a passenger train or boat or on a train or boat carrying passengers, or which has been so carried under the contract of carriage involved in each particular case. Applying this contention concerning the proper construction of the law to the facts of this case, he says that, because appellees failed to show that said trunk was ever started on its journey from San Francisco to Dallas, they failed to show any authority under the terms of said proviso to exempt themselves from the liability imposed by said section for the full actual loss or damage sustained by him by reason of their failure to deliver said trunk to him in Dallas, as they undertook to do.

[1, 2] Counsel for both appellant and appellee agree that this exact contention has not been determined in any reported case. Notwithstanding the rule that a proviso should be strictly construed, such construction must be in harmony with the legislative intent as disclosed by the section to which it is appended and by the act as a whole. 25 R. C. L. pp. 985, 986, § 232. The Supreme Court of the United States, in G. H. & S. A. Ry. Co. v. Woodbury, 254 U. S. 357, 41 S. Ct. 114, 115, 65 L. Ed. 301, declared that the test of the application of the act was the nature of the transportation as determined by the field of the carrier's operation. So we think the test of the application of the proviso is the means of transportation employed by the carrier. We think the expression "carried on passenger trains or boats" used therein was intended to apply generally to carriers using such means of transporting passengers and their baggage. We do not think such expression was intended to be so applied as to distinguish between liability for loss or damage to baggage in custody of such carriers under contracts for transportation and such liability after transportation had been actually begun. We are unable to agree with appellant in such contention.

[3] Appellant contends that the facts in this case show that appellees converted his said trunk and its contents to their own use and benefit, and that they are by reason of such action liable to him for the full actual value thereof. When a carrier delivers property received by it for transportation to any

one not authorized to receive the same, such delivery is held to be a conversion and to render the carrier liable, even though it should appear that such delivery was caused by an innocent mistake. 4 R. C. L. p. 844, § 297. Such a conversion, however, is merely a constructive one. It is held by the Supreme Court of the United States in Georgia, F. & A. Ry. Co. v. Blish Milling Co., 241 U. S. 190, 36 S. Ct. 541, 60 L. Ed. 948, that such a constructive conversion does not deprive the carrier of the benefit of lawful stipulations limiting its liability Appellant insists, however, that the rule is different in case of an actual conversion by the carrier to its own use and benefit as distinguished from embezzlement or a fraudulent appropriation by its employees, and that in such a case stipulations limiting the liability of the carrier are no defense to a demand for the full value of the property so converted. He cites the cases of St. Louis, I. M. & S. Ry. Co. v. Wallace (Tex. Civ. App.) 176 S. W. 764; Henderson v. Wells Fargo (Tex. Civ App.) 217 S. W. 962; Goldstein v. Northern Pacific, 37 N. D. 602, 164 N. W. 143, L. R. A. 1918A, 612; and Sands v. American Railway Express, 154 Minn. 308, 193 N. W. 721, all by state courts, to sustain such proposition. No case from the federal courts is cited in support thereof.

[4-6] The agreed statement of facts shows that appellant delivered his trunk to appellee Southern Pacific Company in San Francisco; that a proper check corresponding to the claim coupon delivered to appellant was placed upon it there; that appellees tendered the appellant another and different trunk in Dallas, and that the trunk so tendered had attached thereto the same baggage check originally attached to appellant's trunk in San Francisco; that appellant's trunk was erroneously delivered to some person other than appellant; that appellees had been at the time of the trial herein unable to locate the person to whom appellant's trunk was delivered, and they still had the trunk so tendered to him and disclaimed by him. There is nothing in such agreed statement of facts tending in any way to show where such erroneous delivery took place nor any of the circumstances attending the same. If the facts so agreed upon raise the issue of actual conversion of appellant's trunk, they do not show such conversion with such certainty that reasonable minds cannot differ as to the effect thereof. This being so, the issue was one for the court or jury trying the case. Texas Life Ins. Co. v. Legg (Tex. Civ. App.) 229 S. W. 587; Early-Foster Co. v. Klump (Tex. Civ. App.) 229 S. W. 1015, 1022, 1024. The finding of the trial court in favor of appellees being general, the issue of actual conversion must be considered as found in their favor. Hines v. Kansas City

Life Insurance Co. (Tex. Civ. App.) 260 S. W. 688, 690, and authorities there cited.

The judgment of the trial court is affirmed.