# GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY *v.* WOODBURY ET AL.

## CERTIORARI TO THE COURT OF CIVIL APPEALS, EIGHTH SUPREME JUDICIAL DISTRICT, OF THE STATE OF TEXAS.

No. 100. Submitted November 15, 1920.—Decided December 13, 1920.

1. The declaration of the Act to Regulate Commerce (§ 1) that it shall apply to any common carrier engaged in the transportation of persons or property from any place in the United States to an adjacent foreign country, contemplates its application also to the transportation by such a carrier from the adjacent foreign country into the United States, since the test of the application of the act is the field of the carrier's operation and not the direction of the movement. P. 359.

2. Where a passenger traveling from Canada to Texas and return without any express stipulation as to the liability of the carrier for loss of baggage, through the fault of the carrier lost her trunk in Texas on the journey out, *held*, that the amount of her recovery was limited under the Carmack Amendment by the carrier's published tariffs filed with the Interstate Commerce Commission. *Id.*

3. The right of a carrier, under the Carmack Amendment, to limit by tariff the amount of its liability for the baggage of a passenger, was not altered by the Act of March 4, 1915, known as the Cummins Amendment, as amended August 9, 1916. *Id.*

209 S. W. Rep. 432, reversed.

THE case is stated in the opinion.

*Mr. T. J. Beall* for petitioner.

*Mr. Rufus B. Daniel* for respondents.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

On March 14, 1917, Mrs. Woodbury took the Galveston, Harrisburg & San Antonio Railway at San Antonio,

Texas, for El Paso, Texas, and checked her trunk, which she took with her. It was lost and she sued the company in a state district court for the value of trunk and contents, which the jury found to be $500. Mrs. Woodbury was traveling on a coupon ticket purchased at Timmins, Ontario, from a Canadian railroad, entitling her to travel over it and connecting lines, from Timmins to El Paso and return, apparently with stop-over privileges. When the trunk was lost she was on her journey out. She was not told when she purchased her ticket or when she checked her trunk that there was any limitation upon the amount of the carrier's liability. It did not appear whether the ticket purchased contained notice of any such limitation, nor did it appear what was the law of Canada in this respect. The company insisted that Mrs. Woodbury was on an interstate journey; and that under the Act to Regulate Commerce, February 4, 1887, c. 104, 24 Stat. 379, as amended, it was not liable for more than $100; since it had duly filed with the Interstate Commerce Commission and published a tariff limiting liability to that amount unless the passenger declared a higher value and paid excess charges, which Mrs. Woodbury had not done. She insisted that her transportation was not subject to the Act to Regulate Commerce, because it began in a foreign country; and that the liability was governed by the law of Canada, which should in the absence of evidence be assumed to be like the law of Texas, the forum; and that by the law of Texas the limitation of liability was invalid. The trial court held that she was entitled to recover only $100, and entered judgment for that amount. This judgment was reversed by the Court of Civil Appeals, which entered judgment for Mrs. Woodbury in the sum of $500. 209 S. W. Rep. 432. The case came here on writ of certiorari, 250 U. S. 637. The only question before us is the amount of damages recoverable.

If Mrs. Woodbury's journey had started in New York

instead of across the border in Canada, the provision in the published tariff would clearly have limited the liability of the carrier to $100. · For her journey would have been interstate although the particular stage of it on which the trunk was lost lay wholly within the State of Texas. Compare *Texas & New Orleans R. R. Co.* v. *Sabine Tram Co.,* 227 U. S. 111. And the Carmack Amendment under which carriers may limit liability by published tariff applies to the baggage of a passenger carried in interstate commerce, *Boston & Maine R. R. Co.* v. *Hooker,* 233 U. S. 97; although it does not deal with liability for personal injuries suffered by the passenger. *Chicago, Rock Island & Pacific Ry. Co.* v. *Maucher,* 248 U. S. 359. The subsequent legislation, the Cummins Amendment, Act of March 4, 1915, c. 176, 38 Stat. 1196, as amended by the Act of August 9, 1916, c. 301, 39 Stat. 441, has not altered the rule regarding liability for baggage.

But counsel for Mrs. Woodbury insists that solely because her journey originated in Canada the provisions of the Act to Regulate Commerce do not apply. The contention is that § 1 of the Act of 1887 does not apply to the transportation of passengers from a foreign country to a point in the United States. To this there are two answers. · The first is that the transportation here in question is not that of a passenger but of property. *Boston & Maine R. R. Co.* v. *Hooker, supra.* The second is that the act does apply to the transportation of both passengers and property from an *adjacent* foreign country, such as Canada. Section 1 declares that the act applies to "any common carrier . . . engaged in the transportation of passengers or property . . . from any place in the United States to an adjacent foreign country." A carrier engaged in transportation by rail *to* an adjacent foreign country is, at least ordinarily, engaged in transportation also *from* that country to the United States. The test of the application of the act is not the direction of the movement, but

the nature of the transportation as determined by the field of the carrier's operation. This is the construction placed upon the act by the Interstate Commerce Commission. *International Paper Co.* v. *Delaware & Hudson Co.*, 33 I. C. C. 270, 273, citing *Texas & Pacific Ry. Co.* v. *Interstate Commerce Commission*, 162 U. S. 197. It is in harmony with that placed upon the words of § 1 of the Harter Act, February 13, 1893, c. 105, 27 Stat. 445, "any vessel transporting merchandise or property from or between ports of the United States and foreign ports," which in *Knott* v. *Botany Mills*, 179 U. S. 69, 75, were construed to include vessels bringing cargoes from foreign ports to the United States. There is a later clause in § 1 which deals specifically with the transportation of property to or from foreign countries; but cases arising under that clause are not applicable here. That clause applies where the foreign country is *not* adjacent to the United States. The cases which hold that the act does not govern shipments from a foreign country in bond through the United States to another place in a foreign country, whether adjacent or not, are also not in point. Compare *United States* v. *Philadelphia & Reading Ry. Co.*, 188 Fed. Rep. 484; *In the Matter of Bills of Lading*, 52 I. C. C. 671, 726–729; *Canales* v. *Galveston, Harrisburg & San Antonio Ry. Co.*, 37 I. C. C. 573.

Since the transportation here in question was subject to the Act to Regulate Commerce, both carrier and passenger were bound by the provisions of the published tariffs. As these limited the recovery for baggage carried to $100, in the absence of a declaration of higher value and the payment of an excess charge, and as no such declaration was made and excess charge paid, that sum only was recoverable.

*Reversed.*