12513.   DAVIS, agent, *v.* PHILLIPS.

JENKINS, P. J.   1.   Goods are in interstate commerce when they have been delivered for continuous transportation to a point of destination in another State. Texas &c. R. Co. *v.* Sabine Tram Co., 227 U. S. 111, 123 (33 Sup. Ct. 229, 57 L. ed. 442); Southern Pacific Terminal Co. *v.* Interstate Commerce Com., 219 U. S. 498, 527 (31 Sup. Ct. 279, 55 L. ed. 310); Coe *v.* Errol, 116 U. S. 517 (6 Sup. Ct. 475, 29 L. ed. 715). In order for a shipment, thus destined from the beginning for such continuous transportation, to be interstate in character, it is not required that it be originally routed by the initial carrier to a point of destination beyond the limits of the State, since the nature and essential character of the transportation is the controlling factor. Texas &c. R. Co. *v.* Sabine Tram Co., supra. See also Gulf &c. Ry. Co. *v.* Texas, 204 U. S. 403, 414 (27 Sup. Ct. 360, 51 L. ed. 540); Penn. R. Co. *v.* Clark, 238 U. S. 456 (35 Sup. Ct. 896, 59 L. ed. 1406); Ill. Cent. R. Co. *v.* DeFuentes, 236 U. S. 157 (35 Sup. Ct. 275, 59 L. ed. 517). Thus, while the rulings made by this court in *Augusta Brokerage Co.* v. *Central of Ga. Ry. Co.,* 5 *Ga. App.* 187, in the light of subsequent decisions by the Supreme Court of the United States, appear too broad in their statements, still, where, as in the instant case (contrary to what were the facts in Galveston &c. Ry. Co. *v.* Woodbury, 254 U. S. 357), the baggage was moved under an intrastate ticket, and where

the journey itself was in no sense continuous, nor had ever been so declared or intended, the mere fact that the passenger may have intended, after remaining several days at the point of destination provided by the intrastate ticket, to extend her journey to another point beyond the limits of the State would not render the initial travel and transportation interstate in character. "There is no presumption that a transportation when commenced is to be continued beyond the State limits." Gulf &c. Ry. Co. v. Texas, supra, p. 414.

*Judgment affirmed. Stephens and Hill, JJ., concur.*

DECIDED DECEMBER 14, 1921.

Action for damages; from city court of Americus — Judge Harper. May 9, 1921.

Application for certiorari was denied by the Supreme Court.

The action was for $739.05, the alleged value of a wardrobe trunk and contents, which had been checked as the plaintiff's baggage on a ticket over the line of the Central of Georgia Railway from Americus, Georgia, to Macon, Georgia, and the loss of which the defendant admitted. The only defense set up was, that, under the act of Congress of February 4, 1887, to regulate commerce (24 Stat. 379, Comp. Stat. § 8563; 4 Fed. Stat. Ann. (2d ed. 337), as amended by the Carmack amendment of June 29, 1906 (34 Stat. 595, § 7; Comp. Stat. §§ 8604, 8604 aa; 4 Fed. Stat. Ann. (2d ed.) 499), and by subsequent legislation, the carriage was interstate commerce, although the initial movement to Macon was intrastate under a local ticket, because it was intended that the baggage should move from Americus to Greenville, South Carolina; and that the shipment was, therefore, controlled by rules 10 and 11 of the baggage tariff for southern territory, filed by the carrier with the interstate-commerce commission. These rules limit such liability of the carrier to $100, unless a greater value is declared by the passenger at the time of delivery to the carrier, and an additional payment at the rate of 10 cents is made for each $100 or fraction thereof above such maximum value. It is admitted that no such excess was declared, nor any payment therefor made to the carrier. While the evidence is undisputed that the passenger left Americus with the intention of returning to her home in Greenville, South Carolina, and that, after arriving over the Central of Georgia Railway at Macon upon a local ticket to that point, she purchased (on a date not disclosed) a ticket to Greenville, and obtained a new baggage-check, routing her trunk over the Central of Georgia Railway to Atlanta and thence over the Southern Railway to destination, it is also undisputed that the continuity of her

trip from Americus to Greenville was broken by a two or three days' visit to relatives in Macon, that the trunk never actually moved under the interstate ticket and baggage-check obtained at Macon, but was lost during transportation under the local ticket to Macon, and it does not appear that at the time the local ticket and check were obtained at Americus any declaration was made by the passenger to the carrier as to an intention by her to make an interstate journey or that her baggage should so move. It was not contended that, if the shipment were intrastate, anything in the intrastate contract or under the laws of this State would relieve the carrier of liability for less than the full value. The court left to the jury the question as to whether the carriage was intrastate or interstate, under instructions that if they found that it was interstate, the maximum recovery would be $100. The jury found for the plaintiff $370. . The exceptions are to the refusal to grant a motion for new trial, based upon general grounds.

*R. L. Maynard, Yeomans & Wilkinson,* for plaintiff in error.
*Shipp & Sheppard,* contra.