## J. D. Watson, Appellant, v. Canadian Pacific Railway Company, Appellee.

### Gen. No. 29,517.

1. CARRIERS—*admissions as to applicability of foreign law by demurrer.* In an action against a Canadian railroad as initial carrier for damages for failure to safely carry and deliver freight to a point in the United States, plaintiff admitted the allegations of a special plea setting up that the carriage was under a special contract which limited the defendant's liability to its own acts and exempted it from liability for acts or omissions of connecting carriers, that the damage or loss in question was all sustained on the lines of connecting carriers and that none of the services rendered by it were to be rendered in the United States, by demurring thereto and standing on his demurrer without taking issue on the allegations of the plea, so as to exclude the operation of the Interstate Commerce Act for want of extraterritorial effect.

2. CONFLICT OF LAWS—*territorial limitations of Interstate Commerce Act to United States.* The Interstate Commerce Act did not apply to a shipment transported from a foreign country, where all of a railroad's services were to be performed in such foreign country, as the Act cannot be given extraterritorial effect.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1924.

Watson v. Canadian Pac. Ry. Co., 237 Ill. App. 478.

Affirmed. Opinion filed June 17, 1925. *Certiorari* denied by Supreme
Court (making opinion final).

BLUM, BLUM & DELANEY, for appellant.

WINSTON, STRAWN & SHAW, for appellee; FRANK H.
TOWNER, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opin-
ion of the court.

Plaintiff brought an action of trespass on the case
against the defendant and others to recover the dam-
ages claimed to have been sustained by him by reason
of the defendant's failure to transport seven carloads
of cattle from Calgary, Canada, to Chicago, Illinois,
within a reasonable time and without injury to the
cattle. The suit was dismissed as to all of the defend-
ants except the railway company. It filed a plea of the
general issue and two special pleas. Plaintiff filed a
demurrer to the two special pleas which was overruled
as to one of the special pleas and sustained as to the
other. He elected to stand by his demurrer, his suit
was dismissed and he appeals.

The declaration alleged that the defendant was a
common carrier and that plaintiff at Calgary, Alberta,
Canada, delivered to it seven carloads of cattle of
great value which the defendant agreed to transport
safely and securely to Chicago in consideration of a
certain reward to the defendant; that the defendant
failed to safely and securely deliver the cattle to plain-
tiff at Chicago and as a result plaintiff sustained dam-
ages. The substance of the special plea, which was
held good upon demurrer, was that at the time the
cattle were delivered by plaintiff to the defendant at
Calgary, the contract of shipment was contained in
and was a part of defendant's tariffs on file with the
Board of Railroad Commissioners of the Dominion
of Canada, which provided that if a shipper made
shipments subject to the terms and provisions of the

contract, they would be transported at a rate of freight lower than would be charged if the shipment were not transported subject to the provisions and conditions of the contract; that plaintiff in making the shipments secured the benefit of the lower rate of freight provided for by the defendant's tariffs then on file with the Board of Railroad Commissioners; that the contract entered into between the parties for the transportation of the cattle provided that the defendant would not be liable for anything done or omitted to be done off the lines of railway operated by it, and that where the destination to be reached was not on the lines which were operated by the defendant, it was to act only as the agent of owner or shipper in handing over the cattle to the connecting carriers and would not be liable or answerable for any acts or omissions of such carriers. The plea further set up that none of the loss or damage claimed by the plaintiff occurred on the defendant's line of railway; that the defendant transported the cattle from Calgary, Canada, over its line of railway and delivered them to a connecting carrier in the Dominion of Canada, and that none of the services performed by the defendant was within the United States. By this plea the defendant further alleged that under the facts thus set forth in the plea and under the law of the Dominion of Canada, as declared by the statutes and the courts thereof, all the provisions of the contract entered into between it and the plaintiff were valid and binding.

Plaintiff contends that under the contract entered into for the transportation of the cattle, the services were to be partly performed in the United States and partly in Canada, an adjacent foreign country, and, therefore, defendant was liable for the damages claimed as initial carrier under section 20 of the Interstate Commerce Act. That section provides that: "Any common carrier, railroad or transportation company, subject to the provisions of this act, receiving property for transportation  *  *  *  from any

point in the United States to an adjacent foreign country, shall issue a receipt or bill of lading and shall be liable to the lawful holder thereof, for any loss, damage or injury to property caused by it or by any common carrier, railroad or transportation company to which said property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country * * * and no contract, receipt, rule, regulation or other limitation of any character whatsoever shall exempt such common carrier, railroad or transportation company from liability herein imposed." It is argued that, although the statute provides that the common carrier receiving property for transportation from any point in the United States to an adjacent foreign country, it likewise applies to the transportation of such property from a foreign adjacent country to the United States. In support of this the case of *Galveston, H. & S. A. Ry. Co. v. Woodbury*, 254 U. S. 357, is cited. In that case it appeared that Mrs. Woodbury bought a round-trip ticket from a railway company in Canada, entitling her to travel over the railroad in Canada and connecting lines to El Paso, Texas; that when she was returning, her trunk, which she had checked, was lost by a railroad company in Texas. She brought suit against the Texas railroad company for the value of the trunk and contents and it was held that the Interstate Commerce Act applied and that the liability for the loss of such trunk was limited to $100 in accordance with the provisions of the tariffs filed with the Interstate Commerce Commission. In passing on section 1 of the Interstate Commerce Act (not section 20, as counsel for plaintiff contends), the court held that although section 1 of the Act provided that it should be applicable to the transportation of passengers and property "*from* any place in the United States to an adjacent foreign country" that it would be equally applicable to a common carrier engaged in transportation *to* the United States from

an adjacent foreign country. The court there in considering this question said (p. 359): "The test of the application of the act is not the direction of the movement, but the nature of the transportation as determined by the field of the carrier's operation." We think the language of section 20 of the Interstate Commerce Act in this respect is not materially different from that employed in section 1, and that there would be much force in plaintiff's argument if it appeared from the record that part of the services agreed to be rendered by the defendant was to be performed in the United States as plaintiff contends. While plaintiff in his declaration alleged that the defendant agreed to transport the cattle from Calgary, Canada, to Chicago, the plea traverses this allegation and sets up that the defendant's agreement was not to transport the cattle to Chicago, but to deliver them to a connecting carrier as agent for plaintiff in Canada; that it did so deliver the cattle to such carrier and that it did not perform or agree to perform any services in the United States. If plaintiff desired to take issue on the allegations of the plea he should have replied, but, having demurred the allegations were admitted to be true, and, therefore, since it appears from the allegations of the plea that all of the defendant's services were to be performed in Canada, the Interstate Commerce Act cannot apply, because it cannot be given any extraterritorial effect.

The judgment of the circuit court of Cook county is affirmed.

*Affirmed.*

TAYLOR, J., concurs.

MR. JUSTICE THOMSON, specially concurring: I concur in the decision of this case, but not in all that is said in the foregoing opinion. I do not agree with all that is said in comparing sections 1 and 20 of the Interstate Commerce Act. I agree that the defendant would probably be liable in this case if its own service had extended into the United States, but not for rea-

sons advanced by plaintiff in his argument presented in this case.