## SKLAROFF et al. v. PENNSYLVANIA R. CO.

### Civ. A. No. 6219.

United States District Court
E. D. Pennsylvania.

May 23, 1950.

A. Jere Creskoff, Philadelphia, Pa., for plaintiffs.

Barnes, Dechert, Price, Myers & Clark, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This action was brought under the Interstate Commerce Act and amendments thereto, 49 U.S.C.A. § 1 et seq., on five separate counts for damage to freight occasioned by the negligence of various handling carriers. Two of the counts relate to freight which originated in Canada, traveling under Canadian through bills of lading, and three counts relate to shipments originating in the United States and traveling under domestic bills of lading. The defendant was the delivering carrier on each haul.

The defendant moves to have summary judgment entered for plaintiff on the counts covered by the domestic bills of lading, in the amount of $875, on the ground that plaintiffs are foreclosed by the contractual limitation of the bills of lading from instituting suit more than two years and one day after written notice from the defendant that the claims had been disallowed in any greater amount. The defendant also moves to dismiss the counts relating to shipments covered by the Canadian bills of lading, on the ground that, because the shipments originated outside the United States, there is no right of action against the delivering carrier under the Interstate Commerce Act. The plaintiff concedes the first motion but opposes the second.

The problem is posed by the language of Section 20(11) of the Carmack amendment to the Interstate Commerce Act which, by the Newton amendment of 1927, 49 U.S.C.A. § 20(11), imposes liability upon the delivering carrier for loss caused by it or by any carrier over whose lines the property may pass. That section by its terms applies to shipments of an interstate nature within the United States and to shipments from "any point in the United States to a point in an adjacent foreign country." The narrow issue contested here is whether the statutory language can be interpreted to apply to shipments originating in an adjacent foreign country and terminating in the United States.

▮▮ Plaintiff, in opposition to the motion to dismiss, relies on Galveston, H. & S. A. Co. v. Woodbury, 254 U.S. 357, 41 S.Ct. 114, 115, 65 L.Ed. 301, where the language "from any place in the United States to an adjacent foreign country", appearing in Section 1 of the Act, was construed so as to validate a limitation of liability, as permitted under the Carmack amendment, when applied to damages occurring to a shipment moving from Canada to the United States. However, the instant case is readily distinguishable. See Strachman v. Palmer, D.C., 82 F.Supp. 161, at pages 164–165 noted in 49 Columbia Law Review 1009. The thorough and well-considered analysis of the late Judge Parker in Alwine v. Pennsylvania R. Co., 141 Pa.Super.

558, 15 A.2d 507, is adopted as authoritative in this case (contra: Goldberg v. Delaware L. & W. R. R. Co., 180 Misc. 176, 40 N.Y. S.2d 44 (Mun.Ct.)), rendering unnecessary any extensive discussion here.

Accordingly, the defendant's motions will be granted.