HARRY BECKER & CO. v. WABASH RAILROAD COMPANY.

1. Carriers—Connecting Carriers on Through Route—Common Law.
Each connecting carrier on a through route is bound only to safely carry over its own line and safely deliver to the next connecting carrier, at common law, in the absence of special contract or statute.

2. Statutes—Construction of Amendment—Precedents.
A case decided prior to the enactment of an amendment of a statute is not authority for the interpretation of the amendment.

3. Carriers—Statutes—Imports—Liability of Delivering Carrier for Damages.
Statute imposing liability upon delivering carrier for damages done to transported property while in transit on a through bill of lading does not apply to goods imported into the United States from foreign countries (49 USCA, § 20, par 11).

4. Same—Delivering Carrier—Imports—Liability for Damages.
Defendant, delivering carrier of shipment of peppers which originated in Mexico on a through bill of lading to Canada, which was purchased by plaintiff while in transit, was not liable for damages not claimed to have occurred while in transit on defendant carrier's railroad (49 USCA, § 20, pars 11, 12).

Appeal from Wayne; Webster (Arthur), J. Submitted October 16, 1952. (Docket No. 13, Calendar No. 45,417.) Decided December 9, 1952.

Action by Harry Becker & Company, a Michigan corporation, against Wabash Railroad Company, an Ohio corporation, for damages to produce in transportation. Action dismissed on motion in common pleas court which was affirmed on appeal to circuit court. Plaintiff appeals. Affirmed.

References for Points in Headnotes
[1] 9 Am Jur, Carriers § 891.
[2] 14 Am Jur, Courts §§ 66, 72.
[3] 9 Am Jur, Carriers §§ 911–914.
[3] Application of Interstate Commerce Act and Carmack Amendment where transportation commences or ends in adjacent foreign country. 106 ALR 1029.

*George Bashara,* for plaintiff.

*Walter A. Kleinert,* for defendant.

Sharpe, J. This case involves damages to 4 carloads of peppers shipped on 4 different bills of lading, which originated in Mexico, a foreign country. Three of the bills of lading were through bills of lading running to points in Canada, while one bill of lading was to Tucson, Arizona. All shipments were directed to and delivered to plaintiff Harry Becker & Company in Detroit.

The present action had its origin in the common pleas court for the city of Detroit. The declaration charges that 4 separate shipments of peppers in crates were damaged by defendant and its connecting carriers, by reason of rough handling while in transit. One shipment of peppers containing 420 crates was loaded at Huatabampo, Sonora, Mexico and consigned to Montreal, Canada. The originating carrier was May River Railroad of Mexico. The bill of lading was issued by the May River Railroad pursuant to the Mexican code of commerce. It was a through bill of lading and provided that legal differences were to be resolved pursuant to the Mexican code of civil proceedings. This particular shipment was purchased by plaintiff and reconsigned in international and interstate commerce.

Defendant company filed an answer to plaintiff's declaration, in which it is claimed that the transactions involving the shipments of peppers do not come within the Carmack amendment (49 USCA, § 20, paragraphs 11, 12), for the reason that the shipments originated in an adjacent foreign country under through bills of lading from Mexico to points in the United States, and that the contracts of carriage did not terminate at the border. It appears that when the cause came on for trial in the common

pleas court, plaintiff's attorney made an opening statement in which he based his right of recovery against defendant company as the delivering carrier, under the interstate commerce act, as amended, but did not make any claim that the damage occurred while in transit on defendant's railroad. Following this opening statement, defendant company moved for a judgment, dismissal, and involuntary nonsuit, for the reason that this interstate commerce act, as amended, and the Carmack amendment, did not apply to plaintiff's cause of action. The court granted defendant's motion from which plaintiff took an appeal in the nature of certiorari to the circuit court of Wayne county. The circuit court of Wayne county, sitting as a court of review, and not as in a trial *de novo,* filed a written opinion affirming the action of the common pleas court. A judgment was entered accordingly, from which plaintiff appeals in the nature of certiorari and alleges:

1. That the judgment of dismissal and of involuntary nonsuit in favor of the defendant and against the plaintiff is contrary to the interstate commerce act of the United States and the amendments thereto.

2. That the trial court erred in entering a judgment of dismissal and involuntary nonsuit against the plaintiff and in favor of the defendant on the ground that plaintiff could not sustain any action against this defendant as the delivering carrier of a shipment in interstate commerce on the alleged ground that this shipment is not covered by the interstate commerce act of the United States, as amended.

3. The judgment of affirmance of dismissal and nonsuit in favor of defendant and against plaintiff and the denial of plaintiff's motion for new trial is against the just right of the plaintiff.

At the common law, the general rule is that in the absence of special contract or statute, each connecting carrier on a through route is bound only to safely

carry over its own line and safely deliver to the next connecting carrier.

In the case of *Oregon-Washington R. & Navigation Co.* v. *McGinn* (1921), 258 US 409 (42 S Ct 332, 66 L ed 689), the supreme court said:

"The settled Federal rule is that, in the absence of statute or special contract, each connecting carrier on a through route is bound only to safely carry over its own line and safely deliver to the next connecting carrier; *** and the liability of a connecting carrier for the safety of property delivered to it for transportation commences when it is received, and is discharged by its delivery to and acceptance by a succeeding carrier, or its authorized agent (*Pratt* v. *Grand Trunk R. Co.*, 95 US 43 [24 L ed 336])."

The so-called Carmack amendment of 1906, 34 Stat 593, placed responsibility for damages upon the initial carrier with respect to transportation wholly within the United States.

See *J. H. Hamlen & Sons Co.* v. *Illinois Central R. Co.*, 212 Fed 324. The Cummins amendment (1915), 38 Stat 1196, extended the territorial application of the Carmack amendment to the transportation of goods within the United States, or to goods exported to adjacent foreign countries. The purpose of this amendment was to enable the holder of a bill of lading to sue the initial carrier for any loss or damage to property suffered on any part of a through route. The Newton amendment of 1927, 44 Stat 1448, made the delivering carrier liable for damages occurring on lines of a preceding carrier where a through bill of lading was issued, and applies to shipments within the United States and to shipments from "any point in the United States to a point in an adjacent foreign country."

49 USCA, § 20, paragraph 11, reads as follows:

"Sec. 20. * * * (11).   Any common carrier, railroad, or transportation company subject to the provisions of this chapter receiving property for transportation from a point in one State or Territory or the District of Columbia to a point in another State, Territory, District of Columbia, or from any point in the United States to a point in an adjacent foreign country shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading."

In the case of *Strachman* v. *Palmer,* 82 Fed Supp 161, cattle were shipped from a point in Canada under a through bill of lading to a point in the United States.   Some of the cattle were damaged while in transit. Plaintiff, a citizen of Massachusetts brought an action for damages against the Canadian Pacific Railroad Company, the Boston and Maine Railroad Company, and Palmer *et al* as trustees of New York, New Haven and Hartford Railroad Company.   The court there said (syllabus):

"Provision of the Interstate Commerce Act that any common carrier receiving property for transportation from a point in one State to a point in another State or from any point in the United States to point in an adjacent foreign country shall issue bill of lading and shall be liable to lawful holder thereof for loss or damage to property caused by it or by any common carrier to which property may be delivered and no limitation shall exempt the common carrier from liability, does not govern imports to the United States from Canada."

The above case was appealed to the United States court of appeals and affirmed in 177 F2d 427 (12 ALR 2d 687). It was there said:

"We are in accord with the conclusion of the district court that section 20 (11) of title 49 USCA does not apply to the instant case, a shipment of livestock originating in Canada and carried into Massachusetts, for the reasons given in its opinion, adopting the view expressed in the case of *Alwine* v. *Pennsylvania R. Co.*, 141 Pa Super 558 (15 A2d 507); *Reider* v. *Thompson* (CCA), 176 F2d 13. The test of applicability is concisely stated by the district court (82 F Supp 161, 165): 'Thus, the test of the application of these amendments is twofold: First, is the carrier's operation such as to bring the carrier within the general coverage of the interstate commerce act; second, is the direction of the movement of the specific shipment in question from a point in the United States to a point either in the United States or in an adjacent country. Plaintiff in the case at bar meets the first but not the second test.'"

See, also, *Alwine* v. *Pennsylvania R. Co.*, 141 Pa Super 558 (15 A2d 507).

Plaintiff relies upon *Galveston, H. & S. A. R. Co.* v. *Woodbury*, 254 US 357 (41 S Ct 114, 65 L ed 301), in support of its theory that receiving common carriers engaged in the transportation of property from a foreign country to a point in the United States is liable for damages done to the transported property, regardless of where the damage occurred. We note that the above case was decided in 1920. Whereas, the Newton amendment, now under discussion was enacted in 1927. We have no difficulty in holding that a case decided prior to the enactment of the amendment is not any authority for the interpretation of the amendment. The Newton amendment provides for liability when goods are shipped from the United States to an adjacent foreign

country. It does not apply to imports from foreign countries.

The judgment is affirmed, with costs to the defendant.

ADAMS, C. J., and DETHMERS, BUTZEL, CARR, BUSH-NELL, SHARPE, BOYLES, and REID, JJ., concurred.