## Ristine v. Greyhound Corporation

*Rydesky, Malizia & Wolfe* and *Glen E. Mencer*, for plaintiff.

*Potter & Potter*, for defendant.

WELLS, P. J., (Fifty-fifth Judicial District, Specially Presiding) January 19, 1961.—This case comes before the court as a case stated entered into by stipulation of the parties after suit in assumpsit had been started by complaint filed by plaintiff. Deanna Ristine, then a minor, was returning to her home in Emporium, Pa. from school on November 25, 1955. She purchased a ticket at Kansas City, Mo., to Port Allegany, Pa., riding first on the Southwestern Greyhound Lines, Inc., and next on a connecting carrier, the Greyhound Corporation Lines. She checked two items of personal baggage and inquired both at Kansas City and Cleveland, Ohio, whether she should insure it and was informed it was not necessary. She received baggage checks but declared no extra value and paid nothing extra for the transportation of the baggage. The bag-

gage was lost and never delivered to her, and she brought suit for $1,000 damages, although the actual value was stated to be $518.30. The shipper offered to pay her $25, the limit set by the tariff unless excess value is declared, and this sum was declined. This proceeding followed.

The questions to be determined are whether liability of the shipper is limited to $25 and whether a minor may be relieved of the regulation imposed and reserved by her relationship with the carrier. . .

The Congress of the United States has provided in the Interstate Commerce Act that common carriers in interstate commerce may establish rates dependent upon the value declared in writing by the shipper. It also provides every common carrier by motor vehicle shall file with the commission and print and keep open for public inspection tariffs showing all the rates, fares, and charges for transportation of passengers or property in interstate commerce between points on its own route and points on the route of any other such carrier and also that no common carrier by motor vehicle unless otherwise provided, shall engage in the transportation of passengers or property unless the rates, fares and charges upon which the same are transported by said carrier have been filed and published. The tariff filed by defendant corporation limited the liability to $25 unless excess value was declared and excess charge paid where baggage was lost or destroyed.

Plaintiff did not declare excess value or pay extra charges.

In the case at issue, the carriers did file certain tariffs and rates and the only question raised by plaintiff was to state neither she nor her mother observed any posted information about insuring baggage. However, it is not denied by plaintiff that such tariffs were, in fact, posted as required.

Plaintiff also stated that she inquired at Kansas City "Is there anything else I should do about my luggage?" and her counsel argues that the agent's statement it would be delivered to her destination should bind the carrier to such performance or that she be compensated for its failure.

We feel that rights of passengers in such cases are clearly determined by the decisions, and that the shipper is limited to the stated $25 liability, unless her minority would change the rule. See Cray v. Penna. Greyhound Lines, Inc., 177 Pa. Superior Ct. 275; Boston & Maine Railroad v. Hooker, 233 U. S. 97; Galveston, Harrisburg & San Antonio Ry. Co. v. Woodbury, 254 U. S. 357.

A well-recognized exception to the rule that a minor is incompetent to enter into contracts is the general rule that a minor can bind himself or his estate for the reasonable value of necessaries.

The case of Pinnell v. St. Louis-San Francisco Ry. Co., 263 S. W. 182 (Mo.), held that the provisions of a railroad pass absolving a carrier for negligence was held to bind an infant passenger the same as an adult passenger. The court stated that the use of the pass was a benefit to the minor and as such it could be included in the constantly widening category of contracts which when made by an infant are as valid and binding as if he were of full age.

Defendant contends, and we feel correctly, that traveling to and from a place where a minor receives an education would be considered a necessary, and cites Commonwealth v. Gilmore, 97 Pa. Superior Ct. 303, in which a father was compelled to support his minor child and pay for schooling as a necessary.

Holding these views, the following order is made

And now, January 19, 1961, judgment is entered for plaintiff in the sum of $25, costs to be paid by defendant.