roads Center, Inc. v. Mellon-Stuart Co., 245 F.Supp. 191 (W.D.Pa.1965).

Plaintiff has not recited facts and/or contract provisions upon which the alleged obligation is founded, and, thus, the complaint fails to give defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, supra, 355 U.S. at 47, 78 S.Ct. at 103. Therefore, plaintiff will be given 15 days in which to amend Count II of its Second Amended Complaint so as to include an adequate factual foundation and the pertinent terms of the contract to support the alleged obligation on the part of Mac-Donald not to hinder or delay plaintiff, for breach of which obligation plaintiff asks $99,227.00 in damages.

With respect to Count III, the Court finds that plaintiff's Second Amended Complaint states the factual and documentary basis for its claim with sufficient particularity to meet the requirements for federal "notice-pleading" as set forth in Conley v. Gibson, supra. Therefore, the motion by defendant MacDonald for a more definite statement of Count III will be denied.

**George CONDAKES et al., doing business as Peter Condakes Company, Plaintiff,**

v.

**Richard Joyce SMITH and William J. Kirk, Trustees of the New York, New Haven and Hartford Railroad Company, Debtor in Reorganization, Defendants.**

Civ. A. No. 67–957–J.

United States District Court
D. Massachusetts.

March 22, 1968.

Frank Infelise, Jr., Infelise & Strout, Lynn, Mass., for plaintiff.

John A. Briggs, Boston, Mass., for defendants.

MEMORANDUM

JULIAN, District Judge.

Plaintiffs brought this suit under the Carmack Amendment to the Interstate

Commerce Act, 49 U.S.C. § 20(11), against defendants as a delivering carrier for loss resulting from alleged damage inflicted in transit to a shipment of cantaloupes under a uniform straight bill of lading.

The matter is before the Court on defendants' motion to dismiss the complaint for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted. Rules 12(b) (1) and 12(b) (6), Fed.R.Civ.P. Defendants accompanied the motion with a memorandum of law. Plaintiffs filed no memorandum. No request for oral argument having been made and the time for making such requests having expired, the Court has considered the questions presented on the pleadings. Local Rule 12(c).

Defendants contend that this Court lacks jurisdiction over the subject matter because the shipment in question was one from a point in an adjacent foreign country (Mexico) to a point within the United States (Boston), citing Strachman v. Palmer, 1949, 1 Cir., 177 F.2d 427, 12 A.L.R.2d 687. That case held that 49 U.S.C. § 20(11) did not apply to a shipment moving from a point without the United States (Canada) to a point within (Boston).

The rule in *Strachman* was modified, however, by the Supreme Court the following year in Reider v. Thompson, 1950, 339 U.S. 113, 70 S.Ct. 499, 94 L.Ed. 698. In *Reider* the goods were carried from Argentina to New Orleans by ship under an ocean bill of lading, and thence to Boston by rail under a bill of lading issued at New Orleans by the receiving rail carrier. The plaintiff was the lawful holder of the bill issued by the receiving rail carrier and the owner of the goods. The Court held that the shipment fell within the scope of the Carmack Amendment:

"The test is not where the shipment originated, but where the obligation of the carrier as receiving carrier originated." 339 U.S. at 117, 70 S.Ct. at 502.

 In this case the complaint alleges delivery in Mexico to Ferrocarril Del Pacifico, S.A. de C.V. as initial carrier under a uniform straight bill of lading issued in Mexico. No reference to any other bill of lading appears. From this the Court infers that the bill of lading issued in Mexico was the only bill of lading covering this shipment that was ever issued, and that the defendants were not the receiving carriers. On these allegations the complaint fails to state a cause of action for which relief can be granted under 49 U.S.C. § 20(11).

Additionally, and as a separate reason for dismissal, the Court notes that plaintiffs do not allege that they are the holders of the bill of lading in question, or that they are the owners of any interest in the shipment. Absent such allegations, plaintiffs fail to state a claim for which relief can be granted.

Defendants' motion to dismiss is therefore granted.