James J. Leff, J.
At a pretrial conference, defendant moved for an order dismissing the complaint for failure to state a cause of action and served its memorandum of law in support of its motion. Plaintiff served an order to show cause seeking an order granting leave to serve a supplemental summons and amended complaint to add two parties defendant.
Both the original complaint and the proposed amended complaint allege delivery in Quebec, Canada of Kiddie Umbrella Ride amusement park equipment, to the Canadian Pacific Railway Company for transportation to Scranton, Pennsylvania through its own facilities and the use of connecting and delivering carriers. The Kiddie Umbrella Ride was delivered by defendant in a damaged condition and plaintiff seeks to recover damages against defendant pursuant to the Carmack Amendment (US Code, tit 49, § 20, subd [11]). There are no allegations that defendant’s negligence caused the damage. The affirmation of plaintiff’s counsel asserts that the Canadian Pacific Railway Company issued a through bill of lading. No domestic bill of lading has been issued by the connecting or delivering carriers.
The Carmack Amendment provision applicable to the liability of a delivering carrier applies to shipments involving an adjacent foreign country "from any point in the United States to a point in an adjacent foreign country”. There is no provision applicable to shipments from an adjacent foreign country to the United States and there is no ambiguity in the language (Alwine v Pennsylvania R. R. Co., 141 Pa Super 558). This interpretation has been approved by the Federal courts (Strachman v Palmer, 177 F2d 427; Sklaroff v Pennsylvania R. R. Co., 90 F Supp 961, affd 184 F2d 575). Goldberg v Delaware, Lackawanna & Western R. R. Co. (180 Misc 176), relied upon by plaintiff, has been disapproved in the Sklaroff (supra) and Strachman (supra) cases. Alwine (supra) traces the history of the section and demonstrates the changes of language which occurred after Galveston, Harrisburg & San *715 Antonio Ry. Co. v Woodbury (254 US 357) was decided and require a result contrary to the decision in the Goldberg (supra) case. The Municipal Court in Goldberg, relied upon the decision of Galveston, Harrisburg & San Antonio Ry. Co. v Woodbury (supra).
The motion to dismiss the complaint is granted.
The motion to add parties is denied.