## KENNY'S AUTO PARTS, INC.

### v.

**George P. BAKER, Richard C. Bond and Jervis Langdon, Jr., Trustees of the Penn Central Transportation Company and Consolidated Rail Corporation.**

### Civ. A. No. 78–2124.

United States District Court,
E. D. Pennsylvania.

Oct. 17, 1979.

Lee Mandell, Philadelphia, Pa., for plaintiff.

John E. Wallace, Jr., Nolan N. Atkinson, Jr., Atkinson, Myers, Archie & Wallace, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

This is an action filed pursuant to 49 U.S.C. § 20(11) (1976) (Carmack Amendment) to recover for goods damaged or lost in transit. The plaintiff is Kenny's Auto Parts, Inc. (Kenny's), a corporation engaged in the purchase and resale of used automobile parts. The defendants are the trustees of Penn Central and the Consolidated Rail Corporation (Conrail). The complaint alleges that Kenny's purchased the goods in question from Coulter's Auto Parts, Ltd. of Windsor, Ontario, Canada, and that when Conrail loaded these goods for shipment, it issued a through bill of lading[1] which stated that the goods had been received at Windsor, Ontario, and were to be delivered to the plaintiff's plant in Philadelphia, Pennsylvania. The bill also directed Conrail to "stop off" at Detroit, Michigan so that it could load goods that were located there and were identified in the contract between Kenny's and the seller. It is further alleged that some of the goods loaded in Detroit and some of the goods loaded in Canada were damaged or lost in transit.

Kenny's claims that it has a cause of action under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 20(11) (1976), for the damage or loss to the goods that were added to the shipment in Detroit. It also contends that this Court should exercise its pendent jurisdiction for the damage or loss to the goods which were loaded in Canada.[2]

Kenny's had contracted to buy from Coulter's, and that a through bill of lading was issued for the shipment of these goods which listed the point of origin of the shipment as Windsor, Ontario, and the point of destination as Philadelphia, Pennsylvania. There are no instructions in this bill, however, that directed Conrail to stop and load goods at any other point.

1. "[A] through bill of lading is one with the final delivery destination of the goods noted thereon, although transportation of the goods may extend over the lines of connecting carriers." *Phoenix Insurance Company v. Monon Railroad*, 438 F.2d 1403, 1406 (8th Cir. 1971).

2. In addition, the complaint alleges that there was another shipment by Conrail of goods that

The Carmack Amendment makes the carrier which issues the bill of lading for the transportation of property liable for any damage or loss occurring to the property in transit, regardless of whether the issuing carrier was the carrier that caused the damage. The defendants contend, however, that the Carmack Amendment does not provide a cause of action to the plaintiff in this case because the bill of lading was a through bill of lading issued in Canada, and on this ground Conrail has moved for summary judgment pursuant to Fed.R.Civ.P. 56.

▇▇▇ Although the defendants have filed a motion for summary judgment, this motion is based solely on the complaint. In view of the fact that no affidavit or other factual material has been called to the Court's attention, and that the Court has not considered any matter outside the pleadings, the motion for summary judgment will be considered as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). 6 *Moore's Federal Practice* ¶ 56.11, at 56–210 (2d ed. 1976); *Wright & Miller, Federal Practice and Procedure: Civil* § 2722, at 477 (1973). Since the Court has considered the defendants' motion as a motion to dismiss under Fed.R.Civ.P. 12(b)(6), it has construed the complaint liberally in favor of the plaintiff and has taken the facts alleged in the complaint as true. 6 *Moore's, supra*, ¶ 56.-11, at 56–210. *See Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977). For the reasons hereinafter set forth, the plaintiff's complaint will be dismissed as to all defendants.

The Carmack Amendment states in pertinent part:

Any common carrier, railroad, or transportation company subject to the provisions of this chapter receiving property for transportation from a point in one State or Territory or the District of Columbia to a point in another State, Territory, District of Columbia, or from any point in the United States to a point in an adjacent foreign country shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass within the United States or within an adjacent foreign country when transported on a through bill of lading . . . . 49 U.S.C. § 20(11) (1976).

Prior to the passage of this amendment, "a carrier was liable only for a loss occurring upon his own lines, and, absent a special contract or statute, a shipper by connecting carriers could recover at common law only from that one on whose lines the loss occurred." *Acme Fast Freight, Inc. v. Chicago, M., St. P. & P. R. Co.*, 166 F.2d 778, 782 (2d Cir. 1948), *rev'd on other grounds*, 336 U.S. 465, 69 S.Ct. 692, 93 L.Ed. 817 (1949). The Supreme Court of the United States determined that "[t]he purpose of the Carmack Amendment was to relieve shippers of . . . [this] burden of searching out a particular negligent carrier from among the often numerous carriers handling an interstate shipment of goods." *Reider v. Thompson*, 339 U.S. 113, 70 S.Ct. 499, 502, 94 L.Ed. 698 (1950). Under this statute, the initial carrier must issue a bill of lading to the shipper, and is liable to the holder of the bill of lading for any damage or loss to the goods.

▇▇▇ The bill of lading attached to the plaintiff's complaint and on which it bases its cause of action in this Court is a through bill of lading issued by Conrail in Canada. There is no allegation in the complaint that an additional bill of lading was issued by Conrail for the freight that was loaded in Detroit. As a matter of fact, the through bill of lading directs Conrail to "stop off" in Detroit and add certain goods to the shipment. From the language of the Carmack Amendment and the cases interpreting it, it is clear that this statute applies only where

Certain goods transported in this shipment were also damaged or lost in transit, and the plaintiff has requested the Court to exercise its pendent jurisdiction over this claim.

a common carrier has issued a bill of lading for property received "for transportation from a point in one State or Territory or the District of Columbia to a point in another State, Territory, District of Columbia, or from any point in the United States to a point in an adjacent foreign country." 49 U.S.C. § 20(11) (1976). The cases interpreting the Carmack Amendment have uniformly held that the Carmack Amendment has no application to goods received for shipment at a point outside the United States. *Strachman v. Palmer*, 177 F.2d 427 (1st Cir. 1949); *Condakes v. Smith*, 281 F.Supp. 1014 (D.Mass.1968); *Sklaroff v. Pennsylvania R. Co.*, 90 F.Supp. 961 (E.D. Pa.), *aff'd per curiam*, 184 F.2d 575 (3d Cir. 1950); *Becker & Co. v. Wabash*, 335 Mich. 159, 55 N.W.2d 776 (1952); *Carr v. Erie Lackawanna R. Co.*, 85 Misc.2d 713, 381 N.Y.S.2d 159 (Sup.Ct.1972); *Leary v. Aero Mayflower Transit Co.*, 22 N.C.App. 702, 207 S.E.2d 781 (1974); *Alwine v. Pennsylvania R. Co.*, 141 Pa.Super. 558, 15 A.2d 507 (1940). In *Sklaroff, supra,* our Third Circuit affirmed a decision of the district court that dismissed a suit brought under the Carmack Amendment for damage to goods that were shipped from Canada pursuant to a through bill of lading issued in Canada.

■ The Carmack Amendment is applicable only to domestic bills of lading, and the instructions in the bill of lading that directed Conrail to "stop off" in Detroit should not be construed to enlarge the scope of the Carmack Amendment so as to bring this bill of lading within its coverage. The fact that goods described in a through bill of lading issued outside the United States were actually loaded at a stop in the United States is no reason to depart from the "receiving property for transportation from a point in one State or Territory or the District of Columbia" language employed in the statute. As pointed out by the First Circuit, the Carmack Amendment was "a radical departure from the common law as applied to the liability of carriers for the acts of others, [and] its effect should not be extended beyond the plain meaning of the language employed" in the statute. *Reider v. Thompson*, 176 F.2d 13, 15 (1st Cir. 1949),

*rev'd on other grounds*, 339 U.S. 113, 70 S.Ct. 499, 94 L.Ed. 698 (1950), *quoting Alwine v. Pennsylvania R. Co.*, 141 Pa.Super. 558, 15 A.2d 507, 512–13 (1940).

■ The plaintiff's complaint also alleges a pendent state law tort claim for damage or loss to goods that were loaded in Canada. Federal courts have the power to adjudicate claims based on state law if there is a federal claim of sufficient substance to confer subject matter jurisdiction on the court. *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1976). However, as stated in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), if the federal claims are dismissed before trial, the state claims should also be dismissed. We shall, therefore, in the exercise of our discretion, decline to assert jurisdiction over the plaintiff's state law claim.

Accordingly, an order will be entered dismissing the plaintiff's complaint for failure to state a claim upon which relief can be granted under the Carmack Amendment, and dismissing the plaintiff's pendent state law claim.