919 F.Supp. 168 (1996)
Geoffrey WHALING and Trisha Anne Hessinger
v.
ATLAS VAN LINES, INC., Harvey Worldwide Moving & Storage and Scannell Moving and Storage.
No. 95-CV-1878.
United States District Court, E.D. Pennsylvania.
February 26, 1996.
*169 Edward J. Hayes, Fox, Rothschild, O'Brien & Frankel, Philadelphia, PA, for Plaintiffs.
Thomas A. Kuzmick, John T. Donovan, Rawle & Henderson, Philadelphia, PA, for Defendants.

MEMORANDUM
JOYNER, District Judge.
This Memorandum and Order addresses the Motion of Defendants, Atlas Van Lines, Inc., Harvey Worldwide Moving & Storage and Scannell Moving and Storage, for a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Both parties, however, rely both on documents not attached to and facts not alleged in the Amended Complaint. For that reason, this Motion to Dismiss is converted to one for summary judgment under Rule 56. Fed.R.Civ.P. 12(b).
In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).
In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. Id. at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. J.F. Feeser, Inc. v. Serv-A-Portion, Inc., 909 F.2d 1524, 1531 (3d Cir.1990), cert. denied, 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)).
The facts involved are largely undisputed. We will note where there are differences. It is uncontested that in January 1994, Plaintiffs, Geoffrey Whaling and Trisha Anne Hessinger, stored many of their personal possessions in a storage warehouse owned by Scannell in Ontario, Canada. Scannell is an agent of Atlas. In August, 1994, Harvey, another Atlas agency, went to Scannell's warehouse to transport the property to Plaintiffs' new home in Allentown, Pennsylvania. The Harvey representative identified areas of damage and prepared a "Rider to Inventory" detailing the damage. A Scannell representative signed the Rider. The property was subsequently transported and delivered to Plaintiffs in Pennsylvania by Harvey and Atlas. Upon delivery, Plaintiffs discovered the damage. At least some of the property was allegedly damaged on route from Canada. Plaintiffs allegedly asked the movers how to make a claim and were advised to file a proof of loss form. They requested such a form and returned it on September 6, 1994, allegedly immediately upon receipt.

*170 Count One  Interstate Commerce Act
Plaintiffs' Complaint bases jurisdiction for this action on the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11707 (1995). That Amendment provides federal question jurisdiction over:
the actual loss or injury to the property caused by (1) the receiving carrier, (2) the delivery carrier, or (3) another carrier over whose line or route the property is transported in the United States or from a place in the United States to a place in an adjacent foreign country when transported under a through bill of lading.
Id. Here, there is no dispute that a through bill of lading was involved.
Defendants' argument in favor of dismissal is that although the Complaint alleges damage to Plaintiffs' property under a through bill of lading, the property was transported from an adjacent foreign country into the United States. Because the Carmack Amendment is limited to property passing from the United States into the foreign country, by its terms, the Amendment does not apply to this action. Kenny's Auto Parts, Inc. v. Baker, 478 F.Supp. 461, 464 (E.D.Pa.1979) ("The cases interpreting the Carmack Amendment have uniformly held that the Carmack Amendment has no application to goods received for shipment at a point outside the United States"); Condakes v. Smith, 281 F.Supp. 1014, 1015 (D.Ma.1968) (same).
Plaintiffs object to this argument by pointing to the Atlas Bill of Lading. This document provides that the Defendants agree to be bound by the Carmack Amendment. Because of this, Plaintiffs argue, this Court has jurisdiction. This argument, however, fails to take into account the jurisdictional law doctrine that parties cannot, by consent or agreement, create jurisdiction in federal court. Beers v. North American Van Lines, 836 F.2d 910, 912 (5th Cir.1988); McCall-Bey v. Franzen, 777 F.2d 1178 (7th Cir.1985).
It is apparent here that the very terms of the Carmack Amendment do not cover the instant through bill of lading. For this reason, Count One must be dismissed. In addition, because this is the only federal question raised by the Complaint, we find there is no federal question subject matter jurisdiction over this action.
This does not end our analysis, however, because Plaintiffs also assert subject matter jurisdiction under diversity. They plead that there is complete diversity among the parties and that the amount in controversy exceeds $50,000.00. The total amount requested on the Proof of Loss form exceeded $50,000.00 and the Storage Contract indicates that the property was insured up to $100,000.00. Accordingly, we find there is diversity jurisdiction over this action.

Count Two  Breach of Bailment Contract
Defendants move to dismiss this Count on the ground that Plaintiffs fail to allege that they complied with the terms of the Bailment Contract. In fact, Defendants assert that the failure to comply is evident on the face of the Complaint. The Bailment Contract, attached to the Complaint as Exhibit B, required Plaintiffs to give Scannell notice "in writing within ten (10) days of delivery of the goods to the owner or anyone appointed by the owner, wi[th] [sic] full particulars of any goods missing or damaged, and in the event of the owner not so notifying the Company, hereby waives and agrees to waive all claims for missing or damaged goods."
The Complaint alleges that the property was transported to Pennsylvania on August 18, 1994. It also alleges that Plaintiffs filed their "Presentation of Loss and Damages Claim" with Defendants on September 6, 1994, more than ten days after delivery. Based on this, Defendants maintain that Plaintiffs' breach of bailment contract must be dismissed because their affirmative defense appears on the face of the Complaint. Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.1991), cert. denied, 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992).
Plaintiffs rebut this argument with their contention that time is not of the essence unless specifically provided for in the contract. Bogojavlensky v. Logan, 181 Pa.Super. 312, 124 A.2d 412 (1956). Further, they attest that both Atlas and Scannell were on *171 notice of the damage by August 18, 1994, when the Scannell representative signed the Rider to Inventory. This document is not referred to in the Complaint, however. Finally, Plaintiffs assert that they returned the Proof of Loss as soon as they received it. They place the blame for their late delivery on Atlas for delaying sending them the blank form. This fact is also not alleged in the Complaint.
The Complaint does appear to present an affirmative defense to Plaintiffs' breach of the bailment contract in that the Proof of Loss document was not delivered within ten days of delivery. Further, Plaintiffs do not allege compliance with their duties under the contract. For this reason, we must dismiss this Count. However, we grant Plaintiffs fifteen days' leave to amend the Count. Also, because it appears that Plaintiffs can state a cause of action, we will look at the merits of the question.
Assuming that notice was late, as the Complaint now reads, in Pennsylvania, late notice to an insurer will only bar coverage if there is prejudice to the insurer. Trustees of the University v. Lexington Ins. Co., 815 F.2d 890 (3d Cir.1987); Compagnie Des Bauxites v. Insurance Co. Of North America, 794 F.2d 871 (3d Cir.1986); Brakeman v. Potomac Ins. Co., 472 Pa. 66, 371 A.2d 193 (1977). The parties dispute whether Canadian, specifically Ontarian, law applies to this case. However, neither party has presented this Court with any Canadian law on this subject. For that reason, we cannot make a determination whether this claim would be barred by late notice.

Count Three  Negligence
Finally, Defendants argue that Count Three must be dismissed because, under Pennsylvania choice of law rules, Canadian law governs this action. Tonkon v. Denny's, Inc., 650 F.Supp. 119, 120 (E.D.Pa.1986) (Pennsylvania uses law of state having the most interest over the problem). Therefore, Defendants contend, Ontario's Warehouse Receipts Act, R.S.O. 1980, Chap. 528, should govern this action.[1]
Defendants maintain, without explanation, that Plaintiffs have not pleaded a breach of Canadian law. Further, that the Warehouse Receipts Act allows the requirements provided for in the Scannell Moving and Storage contract and that because Plaintiffs did not comply with that contract, Count Three should be dismissed.
Plaintiffs' response is similarly brief. They simply argue that Count Three survives this Motion even if we decide that Canadian law applies to their claims.
Defendants provide no argument that there is no cause of action for negligence in Canada, nor that the Warehouse Receipts Act pre-empts common law claims like negligence. It does not even present argument that the Warehouse Receipts Act actually applies to this action. Because this issue is inadequately framed and argued, we deny Defendants' motion to dismiss or for summary judgment on Count Three, but without prejudice.
An appropriate Order follows.

ORDER
AND NOW, this 26th day of February, 1996, upon consideration of the Motion to Dismiss the Complaint of Defendants, Atlas Van Lines, Inc., Harvey Worldwide Moving and Storage and Scannell Moving and Storage and responses thereto, the Motion is hereby GRANTED in PART and DENIED in PART. The Motion is hereby GRANTED with respect to Count One, which is hereby DISMISSED. Count Two is hereby also DISMISSED, but Plaintiffs are GRANTED fifteen days' leave to AMEND that Count. FURTHER, the Motion, converted to one for Summary Judgment, is hereby DENIED without prejudice with respect to Count Three.
NOTES
[1] If the parties rely on foreign statutes or case-law in future pleadings, it would greatly aid this Court if they would attach copies of those documents to the pleadings.