## AMERICAN RAILWAY EXPRESS COMPANY *v.* DANIEL.

### CERTIORARI TO THE SUPREME COURT OF THE STATE OF GEORGIA.

No. 53. Argued October 16, 1925.—Decided October 26, 1925.

1. Where the tariff schedules of an express company governing interstate shipments offer a lower rate for goods below a specified value and a higher rate for goods more valuable, a stipulation in an express receipt fixing the lower value in consideration of the lower rate binds the shipper, although both his agent and the carrier's, in making the shipment, were unaware of the fact that the value was higher, and the latter knew the former to be thus ignorant. P. 41.

2. The sender is bound to know the relation established by the carrier's schedules between values and rates, and in an action to recover the value of the goods, it is error to exclude the schedules from evidence. P. 42.

157 Ga. 731, reversed.

CERTIORARI to a judgment of the Supreme Court of Georgia affirming a recovery of damages for goods not delivered, in an action against an express company.

*Mr. Blair Foster,* with whom *Messrs. H. S. Marx, Robert C. Alston* and *A. M. Hartung* were on the brief, for petitioner.

No appearance for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is a suit against the petitioning Express Company for the value of a parcel that was received by the Company for carriage but was not delivered. The Company admitted liability for fifty dollars but alleged that it could not be held for more, because the receipt that it gave fixed that sum as the value of the goods and a higher value would have required the payment of a higher rate. Under the ruling of the Court a verdict was found against the petitioner for a hundred dollars, interest and costs, subject to questions of law reserved, and judgment on the verdict was affirmed by the Supreme Court of the State, without opinion, by an evenly divided Court.

The goods were delivered by an agent and, after conversation between him and the agent of the Express Company, the latter put fifty dollars into the receipt as the value, neither party having any clear knowledge, and the receipt later was handed to and bound the sender of the goods. *Great Northern Ry. Co.* v. *O'Connor,* 232 U. S. 508, 514. The rate for carriage of property valued at more than fifty dollars was higher than that charged. The schedules filed with the Interstate Commerce Commission were offered, to show the rates, but were excluded, and the judgment was affirmed seemingly on the ground that the sending agent was not shown to have known that a lower valuation secured a lower rate, and that the car-

rier knew that the agent was ignorant of the true value of the goods. No argument is made for the respondent and it is plain that the judgment cannot be sustained. The carrier's knowledge of the agent's ignorance of the value was immaterial. It acted in good faith. The carrier's schedules should have been admitted and bound both parties. *Kansas City Southern Ry. Co.* v. *Carl*, 227 U. S. 639, 652, 653. *Southern Express Co.* v. *Byers*, 240 U. S. 612, 614. *American Railway Express Co.* v. *Lindenburg*, 260 U. S. 584. The sender is bound to know the relation established by them between values and rates. *Galveston, Harrisburg & San Antonio Ry. Co.* v. *Woodbury*, 254 U. S. 357, 360. *Western Union Telegraph Co.* v. *Esteve Brothers & Co.*, 256 U. S. 566.

*Judgment reversed.*