## MRS. J. E. COLVIN v. WESTERN UNION TELEGRAPH COMPANY.

Middle Section.    July 31, 1928.

Petition for Certiorari denied by Supreme Court, January 19, 1929.

E. L. McNeilly, of Nashville, for plaintiff in error, Mrs. Colvin.

Francis R. Stark, and Bass, Berry & Sims, of Nashville, for defendant in error, Telegraph Co.

CROWNOVER, J.    This was an action to recover damages for the delay in the transmission of an interstate message. The trial judge directed a verdict for the defendant: (1) because there was no negligent delay; and (2) because the plaintiff was not entitled to recover damages for mental pain and anguish when no physical injury resulted.

The plaintiff excepted to said judgment, filed a motion for a new trial, which was overruled, and she has appealed in error, and has assigned twenty errors, which are in effect that the court erred in directing a verdict for the defendant, and in not directing a verdict for the plaintiff, and in the admission of certain testimony.

The facts necessary to be stated are that the plaintiff in error lived in Nashville, Tennessee, but her husband worked at steel construction in Birmingham, Alabama; and on August 6, 1926 at about 2 p. m. he fell, and was seriously injured; and his foreman, Charles Tidwell had him carried to the hospital, and sometime that afternoon or night he sent a collect night letter telegram to the plaintiff, which is as follows:

"8/6/28.

"To Mrs. J. E. Colvin

"4206 Charlie Pike

"Nashville, Tenn.

"J. E. Colvin fell this afternoon at two o'clock. He is in Baptist Hospital and very seriously injured. It would be advisable for you to come as soon as possible.

"Charlie Tidwell

"720 Ave. D.

"Birmingham."

Said telegram was sent collect, and was marked night letter, but does not show the exact hour when it was delivered to the sending station at Birmingham; but it was transmitted sometime during that night to Nashville, where it was delivered to Mrs. Colvin at 8 a. m. on August 7, 1926 on her payment of charges. Plaintiff immediately took up the matter with the Baptist Hospital of Birmingham and was advised by telegram that "J. E. Colvin died from injury three five a. m.;" and she now insists that had the company promptly delivered the telegram she would have gone to Birmingham and have been with her husband sometime before he died, and as a result of the shock her health had been seriously impaired.

After a consideration of the record we are of the opinion that the trial judge should have directed a verdict, because the record does not disclose any negligent delay in the transmission of the telegram. This was a night letter so designated by its sender, Charlie Tidwell. Under the rules of the Company and the tariff and schedules filed with the Interstate Commerce Commission the party may send a night letter at reduced rates to be delivered on the morning of the ensuing day, and the parties are bound by the classification made by the sender. Interstate messages are governed by the Federal law since the passage of the Act of Congress on June 18, 1910, which amended the Interstate Commerce Act of

1887. See Telegraph Co. v. Schade, 137 Tenn., 214, 192 S. W., 924; Naive-Spillers Corporation v. Postal Telegraph-Cable Co., 4 Tenn. Apps. Reps., 439.

It is a well-settled doctrine that the addressee of the telegram who has suffered injury and damages because of the negligent failure of the telegraph company to deliver the telegram promptly and correctly, may maintain an action against the Company, (26 R. C. L., 586, 37 Cyc., 1717-1721) however, subject to the stipulations in the contract between the Company and the sender, and especially subject to the classification made by the sender under the tariffs, rates and regulations on file as approved by the Interstate Commerce Commission. 37 Cyc., 1695. See American Railway Express Co. v. Daniel, 269 U. S., 40, 70 L. Ed., 154; Railroad v. Murfree, 2 Tenn. Apps. Reps., 488, 489.

Railroad rates for interstate shipments are established and can only be established by filing the tariffs with the Interstate Commerce Commission, but telegraph companies may initiate rates for interstate messages without filing tariffs with the Commission. Western Union Telegraph Co. v. Esteve, 256 U. S., 573, 65 L. Ed., 1098; Naive-Spillers Corporation v. Postal Telegraph Cable Co., 4 Tenn. Apps., 439.

By these regulations the Company should transmit a night letter and deliver it on the morning of the ensuing day. This was done in this instance and there was no delay in the transmission, hence we must affirm the judgment for this reason.

The other assignments of error become immaterial, and the judgment of the lower court is affirmed. The cost of the appeal is adjudged against plaintiff in error, Mrs. J. E. Colvin, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.