## FEINBERG v. RAILWAY EXPRESS AGENCY.
### No. 9337.

Circuit Court of Appeals, Seventh Circuit.

Oct. 29, 1947.

Fulmer Long, Walter M. Nold and James H. Boland, all of Chicago, Ill., for appellant.

Karl Edwin Seyfarth and Benton Atwood, both of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and MINTON, Circuit Judges.

EVANS, Circuit Judge.

This appeal is from a judgment awarding the plaintiff damages for the loss in transit of plaintiff's valuable mink coat. The single issue is the extent of defendant's liability for such loss, which occurred under these circumstances:

The coat was delivered to defendant by plaintiff's husband, through an agent,—the hotel clerk, for transportation from Phœnix, Arizona, to Chicago, Illinois. It was lost or stolen in transit. A receipt was given by defendant to plaintiff's agent, March 5th. He placed the same in plaintiff's box at the hotel, and it was picked up by plaintiff's husband on March the 7th, but not read by him until after he learned of the loss.

The District Court found the value of the coat was $4880 and rendered judgment for said amount. The defendant denies liability in excess of $50.

The receipt which defendant gave the hotel clerk contained the following clause:

"In consideration of the rate charged for carrying said property, which is dependent upon the value thereof and is based upon an agreed valuation of not exceeding fifty dollars for any shipment of 100 pounds or less, and not exceeding fifty cents per pound, actual weight, for any shipment in excess of 100 pounds, unless a greater value is declared at the time of shipment, the shipper agrees that the company shall not be liable in any event for more than fifty dollars for any shipment of 100 pounds or less, or for more than fifty cents per pound, actual weight, for any shipment weighing more than 100 pounds, unless a greater value is stated herein. Unless a greater value is declared and stated herein the shipper agrees that the value of the shipment is as last above set out and that the liability of the company shall in no event exceed such value."

Defendant had filed with the Interstate Commerce Commission its tariff schedules and rules governing shipments. They were in force at the time the coat was received by defendant.

Rule 13 reads as follows:

"(a) Rates named in tariffs governed by this Classification, except as to ordinary live stock, are dependent upon and vary with the declared or released value of the property, and, except as to articles provided for in Rule 13(b) and except as to live animals, live stock and other live creatures provided for in Rule 13(c), are based upon property declared to be of, or released to, a value not exceeding $50 for any shipment of 100 pounds or less, or not exceeding 50 cents per pound actual weight for any shipment in excess of 100 pounds. When the declared or released value ex-

ceeds that above stated, the charges are 10 cents greater for each $100 or fraction thereof in excess of the value stated above."

Plaintiff argues that the statutory authorization for limitation of liability by the carrier is restricted to cases where "the value (is) declared in writing by the shipper or agreed upon in writing as the released value of the property * * *" Sec. 20(11), Title 49 U.S.C.A., and most earnestly contends that in this case 'here was no such declaration or agreement in writing by the plaintiff, nor by an authorized agent.

Defendant, on the other hand, contends that the plaintiff was bound by the hotel clerk's statement to defendant's agent, "put on the minimum value which you allow, $50.00", which declaration was incorporated in the receipt issued to the plaintiff, and retained by ·her without protestation until after the loss was discovered. It also contends that plaintiff was in law deemed to know the existence of the tariffs, and the rates there announced, and the binding effect of the receipt there approved.

The judicial precedents cited by both litigants point to the serious study of the question made by both sides.

We are convinced that the Supreme Court decisions[1] announce a principle binding on the shipper which makes the provisions of the receipt wherein statement of value and limitation of liability are set forth, controlling.

We quote from Justice Holmes' decision in American Railway Express Co. v. Daniel, 269 U.S. 40, 41, 46 S.Ct. 15, 70 L.Ed. 154:

"The goods were delivered by an agent and after conversation between him and the agent of the Express Company the latter put fifty dollars into the receipt as the value, neither party having any clear knowledge, and the receipt later was handed to and bound the sender of the goods. Great Northern Ry. Co. v. O'Connor, 232 U.S. 508, 514, 34 S.Ct. 380, 58 L.Ed. 703. The rate for carriage of property valued at more than fifty dollars was higher than that charged. The schedules filed with the Interstate Commerce Commission were offered, to show the rates, but were excluded, and the judgment was affirmed seemingly on the ground that the sending agent was not shown to have known that a lower valuation secured a lower rate, and that the carrier knew that the agent was ignorant of the true value of the goods. No argument is made for the respondent and it is plain that the judgment cannot be sustained. The carrier's knowledge of the agent's ignorance of the value was immaterial. It acted in good faith. The carrier's schedules should have been admitted and bound both parties. Kansas City Southern Ry. Co. v. Carl, 227 U.S. 639, 652, 653, 33 S.Ct. 391, 57 L.Ed. 683; Southern Express Co. v. Byers, 240 U.S. 612, 614, 36 S.Ct. 410, 60 L.Ed. 825, L.R.A.1917A, 197; American Railway Express Co. v. Lindenburg, 260 U.S. 584, 43 S.Ct. 206, 67 L.Ed. 414. The sender is bound to know the relation established by them between values and rates. Galveston, Harrisburg & San Antonio Ry. Co. v. Woodbury, 254 U.S. 357, 360, 41 S.Ct. 114, 65 L.Ed. 301; Western Union Telegraph Co. v. Esteve Brothers & Co., 256 U.S. 566, 41 S.Ct. 584, 65 L.Ed. 1094."

█ Sympathetic as we are to the plaintiff's loss we are unable to say the hotel clerk was not her agent to negotiate the shipment of the fur coat. In her absence he acted for her in fixing the value of the coat at the usual price. Moreover, defendant's receipt was binding on it as to the charge it could make and on the plaintiff as to the amount she could collect in case of loss. The rule announced in the tariff schedule which had been filed with the I.C.C. and approved by that body must be read into the contract of the parties as fully as if made a part of their formal contract. It is conclusive.

█ We conclude the plaintiff is bound by the limitation of liability clause in the

---

[1] American Railway Express Co. v. Daniel, 269 U.S. 40, 46 S.Ct. 15, 70 L. El. 154; American Railway Express v. Lindenburg, 260 U.S. 584, 43 S.Ct. 206, 67 L.Ed. 414; Adams Express Co. v. Croninger, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314, 44 L.R.A.,N.S., 257; Kansas City Southern Ry. Co. v. Carl, 227 U.S. 639, 33 S.Ct. 391, 57 L.Ed. 683; see also the exhaustive annotation on the subject, in 165 A.L.R. 1005.

Uniform Receipt, which was given her, and retained without calling to defendant's attention the gross inaccuracy in statement of value.

The judgment is reversed with directions to enter one for plaintiff for $50.