BLOOMSBURG MILLS, INC., Plaintiff, *v.* HALL's MOTOR TRANSIT COMPANY, Defendant.

City Court of the City of New York, Special Term, New York County, November 14, 1951.

*Rein, Mound & Cotton* for plaintiff.

*George I. Janow* for defendant.

McGivern, J.  This is an action by a consignor against a motor carrier in interstate commerce for the value of merchandise lost in transportation.  The delivery and the loss have been conceded by the defendant, which has pleaded an affirmative defense based upon an alleged agreement for the limitation of defendant's liability to the released value of the shipment, 50¢ per pound, with a $50 minimum.

The plaintiff contends that the alleged attempt to limit liability was ineffective because there was no adequate compliance with a certain rule constituting a part of the tariff schedule which the defendant carrier filed pursuant to section 319 of the Motor Carrier Act.

Accordingly, plaintiff moves for summary judgment under rule 113 of the Rules of Civil Practice and asks judgment for the full value of the lost shipment without regard to its alleged release value.

Subdivision (11) of section 20 of the Interstate Commerce Act (U. S. Code, tit. 49, ch. 1) has been made applicable to motor carriers in interstate commerce by section 319 of the Motor Carrier Act (U. S. Code, tit. 49, § 319).  Subdivision (11) of section 20 permits of a limitation of liability, where a choice of rates has been offered to the shipper, to " the value declared in writing by the shipper or agreed upon in writing as the release value of the property ".  The tariffs of the defendant carrier in effect on the date of this shipment were known as " Middle Atlantic States Motor Freight Classification, M.F.I. C.C. #A-156 " and rule 51 of the said tariff schedule provided as follows:

" When a rate or rating is dependent upon release value of property, declaration of such value must be made on shipping order and bill of lading in the following form:

" ' The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding          per          . ' "

The nub of this case is that the bill of lading contained no reference to any " agreed or declared value of the property." The plaintiff, the consignor, placed its own rubber stamp, imprinted with the following words, upon the shipping order, which document remained with the defendant carrier: " Not Exceeding $50.00 or 50¢ Per Lb." The question here is whether this constituted substantial compliance with the statutory requirement that there be a written agreement respecting released value and with the tariff schedule filed by defendant, particularly rule 51. The plaintiff does not contend that the words stamped on the shipping order were inadequate, although not in literal compliance with the form indicated in rule 51. The meaning conveyed by the stamped words is certainly clear, and the words imprinted on the rubber stamp were those chosen by plaintiff. The plaintiff asserts, however, that the clearly expressed intention of the parties to limit liability has been defeated because no declaration of value was made on the bill of lading. It argues that the declaration on the shipping order does not suffice, even though it placed such declaration upon the shipping order and even though it received and accepted the benefit of the lower rate which depended upon the agreed or released valuation.

I am of the opinion that the plaintiff is estopped from asserting a value higher than the released valuation agreed to by it in writing. The stamping of the shipping order by the plaintiff constituted its written agreement and a substantial compliance with the statute. Having accepted the benefit which it derived from such agreement, by paying a lower rate, the plaintiff may not repudiate it now (cf. *Amer. Ry. Exp. Co.* v. *Lindenburg*, 260 U. S. 584, 592; see, also, *Kaufman* v. *Pennsylvania R. R. Co.*, 47 N. Y. S. 2d 639, affd. 64 N. Y. S. 2d 690 [App. Term., 1st Dept.], and *Feinberg* v. *Railway Express Agency*, 163 F. 2d 998).

Upon the conceded facts plaintiff is entitled to summary judgment upon the basis of the released valuation of the property, and such a judgment will dispose of the action. Plaintiff's claim to any recovery over and above such released valuation will be eliminated by the judgment to be entered here, and this may be done under rule 113 even though defendant has made no separate or cross motion. The quantum of plaintiff's recovery, at the rate of 50¢ per pound, or $50, whichever sum is greater, may be determined by means of an assessment of damages.

Accordingly, plaintiff's motion for summary judgment is granted to the extent of directing an assessment of damages as hereinabove indicated. In all other respects it is denied. The judgment to be entered upon the basis of the sum to be found upon assessment will constitute a disposition of all issues in this action.

Order signed.