**NATIONAL SEMICONDUCTOR CORPORATION, Plaintiff,**

v.

**COMMERCIAL LOVELACE MOTOR FREIGHT, INC. and Pacific Air Systems, Defendants.**

No. 82 C 4032.

United States District Court, N.D. Illinois, E.D.

April 19, 1983.

---

Peter Bustamante, Conklin & Adler, Chicago, Ill., for plaintiff.

Stephen T. Mikus, McKenna, Storer, Rowe, White & Farrug, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

BUA, District Judge.

This matter comes before this court on the motion of defendant Commercial Lovelace Motor Freight, Inc. (Commercial) to dismiss for lack of subject matter jurisdiction under 28 U.S.C. § 1337(a) (1978).[1] Plaintiff National Semiconductor Corporation (National) is seeking damages under the Carmack Amendment to the Interstate Commerce Act, specifically 49 U.S.C. at §§ 10730, and 11707, for damage to goods during an interstate shipment. For the reasons stated herein, Commercial's motion to dismiss is denied.

The shipment at the heart of the instant dispute involved one computer memory system which National entrusted to State Farm Mutual Auto Insurance Company (State Farm) as consignee. Defendant Pacific Air Systems (Pacific) transported the goods from Sunnyvale, California to Bloomington, Illinois, and there delivered the goods to State Farm. State Farm entered into an agreement with defendant Commer-

cial pursuant to which Commercial transported the goods from Bloomington, Illinois to West Lafayette, Indiana where the goods were delivered to State Farm. Somewhere between Sunnyvale and West Lafayette the memory system was damaged.

The complaint consists of four counts. Count I alleges that the goods were delivered to Commercial in good order and condition at Bloomington and that they were delivered in a damaged condition at West Lafayette. National claims Commercial breached its obligations under Commercial's standard form bill of lading resulting in a loss to National of $36,970.30. Count II, claiming the same amount in damages, alleges that Commercial was negligent by failing to exercise due care as a common carrier transporting goods. In Count III, National claims that Pacific agreed to ship the goods to West Lafayette and that Pacific, after having received the goods in good order and condition in Sunnyvale, misdirected the goods to Bloomington where they were delivered in a damaged condition. Count IV alleges that Pacific failed to exercise due care as a common carrier and was negligent in misdirecting the goods and delivering them in a damaged condition. In Counts III and IV, National seeks $36,-970.30 in damages.

Commercial asserts in its motion to dismiss that National's claim is limited to $4,000 pursuant to State Farm's bill of lading. Commercial argues the amount in controversy does not exceed $10,000 and that therefore this court lacks subject matter jurisdiction. National counters that Commercial's attempt to limit its liability is invalid because the current classification rate was not contained in Commercial's bill of lading. *See e.g. Mass v. Braswell Motor Freight Lines, Inc.*, 577 F.2d 665 (9th Cir. 1978). National argues in the alternative that even if the limitation is valid, National

---

1. Section 1337(a) as amended in 1978 provides:

    The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: Provided, however, That the district courts shall have original jurisdiction of an action brought under section 20(11) of part I of the Interstate Commerce Act (49 U.S.C. 20(11) or section 219 of part II of such Act (49 U.S.C. 319), *only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.*

is not bound by the limitation in the agreement between Commercial and State Farm as it took no part in that agreement. Commercial claims that the limitation of liability is valid and that National is bound by the limitation because State Farm was acting as National's agent when negotiating the shipping agreement, *see Feinberg v. Railway Express Agency,* 163 F.2d 998 (7th Cir.1947), and contends that National is estopped from asserting a higher value having accepted the benefit of the lower shipping rate based on tariffs where no value is declared by the shipper. *See e.g., Boeing Co. v. U.S.A.C. Transport, Inc.,* 539 F.2d 1228 (9th Cir.1976).

The general rules with respect to dismissal for lack of jurisdictional amount under 28 U.S.C. § 1332 are summarized in *St. Paul Mercury Indemnity Co. v. Red Cab Company,* 303 U.S. 283, 288–289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938):

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the

purpose of conferring jurisdiction, the suit will be dismissed.

■ The rule that it must appear to a legal certainty that the claim is actually for less than the jurisdictional amount to justify a dismissal is equally applicable under 28 U.S.C. § 1337(a). Hence, while it has been noted that, "A classic example of such a legal certainty is when a defendant's liability is contractually limited," *Carpenter v. Illinois Central Gulf Railroad Co.,* 524 F.Supp. 249 (M.D.La.1981), a common carrier subject to the jurisdiction of the Interstate Commerce Commission may contractually limit its liability only when the carrier does so pursuant to 49 U.S.C. § 10730, 49 U.S.C. § 11707(c)(4).

■ When determining whether there has been a valid limitation of liability under § 10730, a court must determine the reasonableness of the value established in writing between the carrier and shipper under the circumstances surrounding the transportation.[2] In the instant case, the circumstances surrounding the transportation are not sufficiently apparent from the pleadings on a determination of whether the value established was reasonable. Hence, at this juncture, it does not appear to a legal certainty that plaintiff's claim does not exceed the jurisdictional amount.

In the instant case, Commercial's motion raises issues that not only pertain to the question of jurisdiction, but also to factual issues which are decisive of the merits of the plaintiff's claim. One example is the issue of whether State Farm was acting as an agent for National when it negotiated the shipping agreement with Commercial, resolution of which would require a determination on the merits. It has been held that,

---

**2.** Section 10730(b)(1) provides:

(b)(1) Subject to the provisions of paragraph (2) of this subsection, a motor common carrier providing transportation or service subject to the jurisdiction of the Commission under subchapter II of chapter 105 of this title may, subject to the provisions of this chapter (including the general tariff requirements of section 10762 of this title), establish rates for the transportation of property (other than household goods) under which the liability of the carrier for such property is limited to a value established by written declaration of the shipper or by written agreement between the carrier and shipper if that value would be reasonable under the circumstances surrounding the transportation.

Where the jurisdictional issue as to amount in controversy can not be decided without the ruling constituting at the same time a ruling on the merits of the case, the case should be heard and determined on its merits through regular trial procedure. *Land v. Dollar,* supra, 330 U.S. 731, 735, 67 S.Ct. 1009, 1011, [91 L.Ed. 1209]. If the rule were otherwise, the merits of a controversy could be summarily decided, partly on affidavits without the right of cross-examination, under the guise of determining the jurisdictional issue as to the amount in controversy.

*Fireman's Fund Insurance Co. v. Railway Express Agency,* 253 F.2d 780, 784 (6th Cir. 1958). In *Fireman's Fund,* the Court of Appeals held that the trial court had erred when it granted the defendant's motion to dismiss for lack of jurisdictional amount based on the declared value in a bill of lading limiting the carrier's (defendant's) liability. This was error because it did not appear to a legal certainty that plaintiff could not recover the amount claimed where there were unsettled questions of law and fact. *Id.* at 785. Additionally, in *Schramm v. Oakes,* 352 F.2d 143, 149 (10th Cir.1965), the court noted that an unsettled question of agency warrants the postponement of the determination of jurisdiction until a trial on the merits.

In the instant case, the unsettled question of agency warrants the postponement of the determination of the jurisdictional issue. To grant Commercial's motion to dismiss for lack of jurisdictional amount would be at the same time a ruling on the merits. Therefore, this case will proceed in accordance with the views expressed herein.

Commercial's motion to dismiss is denied because it does not appear to a legal certainty that plaintiff's claim is actually for less than the jurisdictional amount.

IT IS SO ORDERED.