**KUEHN, et al., Plaintiffs**

v.

**UNITED VAN LINES, LLC, Defendant.**

**No. 1:04 CV 629.**

United States District Court, S.D. Mississippi, Southern Division.

April 25, 2005.

David C. Morrison, Biloxi, MS, for Plaintiffs.

Grover Clark Monroe, II, DunbarMonroe, PLLC, Jackson, MS, Lawrence J. Roberts—PHV, Lawrence J. Roberts & Associates, PA, Coral Gables, FL, for Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GUIROLA, District Judge.

THE MATTER BEFORE THE COURT is Defendant's Motion for Summary Judgment [11], filed March 2, 2005. There has been no response filed by the Plaintiffs. After due consideration of the Motion and the relevant law, it is the Court's opinion that the Motion should be granted.

### DISCUSSION

In July 1995, the Plaintiffs arranged with Defendant United Van Lines, LLC ("United") to move their household goods from their residence in Florida to a storage facility in Biloxi, Mississippi. United completed delivery of Plaintiffs' household goods shipment into Biloxi Transfer's storage facility on September 6, 1995. Plaintiffs noticed damage to some of their items after removing them from the facility in 1997. They filed a claim for damage on February 4, 1998, but this claim was directed to the storage facility, and not United. United never directly received a claim from the Plaintiffs. On March 4, 1998, the Biloxi storage facility mailed a letter to Plaintiffs denying responsibility for the majority of the items claimed as damaged. Unsatisfied with this determination, Plaintiffs filed suit in Harrison County Circuit Court on July 21, 2000, and the case was removed to this Court on July 29, 2004. The claims are for negligence, loss of use, and breach of contract.

*THE SUMMARY JUDGMENT STANDARD:*

FED.R.CIV.P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail. Summary judgment "is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists." *Whitaker v. Coleman,* 115 F.2d 305, 307 (5th Cir.1940). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324–25, 106 S.Ct. 2548. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima,* 776 F.2d 1277, 1279 (5th Cir.1985).

*DEFENDANT'S MOTION:*

Defendant United has provided evidence showing that it entered into an agreement to with Plaintiffs in July 1995, evidenced by a United Bill of Lading, which required that United deliver the Plaintiff's shipment into permanent storage at Biloxi Transfer and Storage. (Attachment 2 to Defendant's Motion). As part of the transportation contract, and noted on the reverse side of the Bill of Lading, were the requirements that any claim for loss or damages arising from the interstate move must be filed with United, in writing, within nine (9) months of the date that United delivered the household goods and any civil action must be filed within two years and one day from the date of notice in writing to the Plaintiffs that their claim had been disallowed. *Id.*

United completed delivery of Plaintiffs' household goods shipment into Biloxi Transfer's storage facility on September 6, 1995. (Attachment 3 to Defendant's Motion). Plaintiffs filed a claim for damage on February 4, 1998, but this claim was directed to the storage facility, and not United. (Attachment 1 to Defendant's Motion). United never directly received a claim from the Plaintiffs. *Id.* On March 4, 1998, the Biloxi storage facility mailed a letter to Plaintiffs denying responsibility for the majority of the items claimed as damaged. (Attachment 3 to Defendant's Motion).

The Defendant contends that as a duly authorized interstate motor carrier of household goods and personal property, it is subject to the jurisdiction of the Interstate Commerce Commission (subsequently the Surface Transportation Board of the U.S. Department of Transportation).

The Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, preempts all state law remedies and exclusively governs all claims for loss, damage or delay relating to household goods transported in interstate commerce. *Id.* In discussing the preemptive effect of the Carmack Amendment in regard to state regulation of carrier liability, the Supreme Court in *Adams Express Co. v. Croninger*, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314(1913) said:

> [a]lmost every detail of the subject is covered as completely that there can be no rational doubt that Congress intended to take possession of the subject and supersede all state regulation with reference to it.... But it has been argued that the non-exclusive character of this regulation is manifested by the proviso of the section, and that state legislation upon the same subject is not superseded, and that the holder of any such bill of lading may resort to any right of action against such a carrier conferred by existing state law. This view is untenable. It would result in the nullification of the regulation of a national subject and operate to maintain the confusion of the diverse regulation which it was the purpose of Congress to put an end to.

*Adams Express Co. v. Croninger*, 226 U.S. at 505–06, 33 S.Ct. 148.

This interpretation of the preemptive effect of the Carmack Amendment, with regard to state law remedies against a carrier, has been given near universal effect by all courts considering the matter, including most recently the Fifth Circuit Court of Appeals in *Hoskins v. Bekins Van Lines*, 343 F.3d 769 (5th Cir.2003). There, the court held:

We are persuaded by the preceding decisions and analysis offered by the Supreme Court, and this Court, that Congress intended for the Carmack Amendment to provide the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier.

*Id.*, 343 F.3d at 778. *See also, Killinger v. North American Relocation Services*, 2000 WL 297155 at *2 (N.D.Miss.2000) ("The Fifth Circuit has also determined that for 'actions seeking damages for the loss of property shipped in interstate commerce by a common carrier under a receipt or bill of lading, the Carmack Amendment [to the Interstate Commerce Act] is the shipper's sole remedy").

■ In the present case, the only basis for liability against United is for loss of or damages arising out of the interstate shipment of Plaintiffs' household goods which were transported by United in 1995 from Florida to Mississippi. Therefore, the Carmack Amendment preempts all of Plaintiffs' state law claims. Plaintiffs are essentially left with a claim for breach of the contract of carriage under the Carmack Amendment.[1]

### A. The Timeliness of the Claim

The Carmack Amendment allows carriers to limit the amount of time a shipper has to file a claim to nine months from the date of delivery. *Louisiana & W.R. Co. v. Gardiner*, 273 U.S. 280, 284, 47 S.Ct. 386, 71 L.Ed. 644 (1927) and *Westhemeco Ltd. v. New Hampshire Ins. Co.*, 484 F.Supp. 1158, 1161 (S.D.N.Y.1980). The Carmack Amendment also permits a carrier to limit the time in which suit may be brought to two years and a day after the shipper

---

1. "The duty of due care grows out of the contract of carriage and breach of that duty gives rise to an action for breach of contract."

*Gibson v. Greyhound Bus Lines, Inc.*, 409 F.Supp. 321, 325 (M.D.Fla.1976), affirmed, 539 F.2d 708 (5th Cir.1976).

receives written notice that the carrier has denied part or all of the shipper's claim. 49 U.S.C. § 14706(e).

■ In this case, these limitations are found directly on the Bill of Lading. (Attachment 2 to Defendant's Motion.) The Bill of Lading incorporated United's published Tariffs by reference. Under the Interstate Commerce Act as it existed in 1995 at the time of this shipment, the contract of carriage binds both the carrier and the shipper with the force of law. The shipper is conclusively presumed to know the terms of the contract of carriage as set out in the bill of lading and any applicable tariffs. *American Railway Express Company v. Daniel,* 269 U.S. 40, 46 S.Ct. 15, 70 L.Ed. 154 (1925); *Kansas City Southern Railway Company v. Carl,* 227 U.S. 639, 33 S.Ct. 391, 57 L.Ed. 683 (1913); *Chicago & Alton Railroad Company v. Kirby,* 225 U.S. 155, 32 S.Ct. 648, 56 L.Ed. 1033 (1912); *Texas and Pacific Railway Company v. Mugg,* 202 U.S. 242, 26 S.Ct. 628, 50 L.Ed. 1011 (1906). This rule applies to household goods carriers' tariffs as surely as it applies to other tariffs required to be filed with the ICC, as United's tariffs were at the time of the Plaintiffs' interstate shipment. As the court held in *White v. United Van Lines, Inc.,* 758 F.Supp. 1240 (N.D.Ill.1991):

> White argues that she cannot be bound by the limitations provision because she had no actual knowledge of the provision when the contract was formed. However, it is well established that a shipper is chargeable with knowledge of a carrier's tariff provisions that are properly filed with the Interstate Commerce Commission ("ICC").

*White v. United Van Lines, Inc.,* 758 F.Supp. at 1242. Therefore, United's Tariff and the Bill of Lading together make up the contract of carriage governing the interstate transportation of the Plaintiffs' goods and the Plaintiffs are presumed to have knowledge of the terms of the Bill of Lading and Tariffs, and are bound thereby.

Section 6 of United's Bill of Lading signed by Plaintiff Roger Kuehn, as well as the provisions 49 CFR § 370.3, provide that a written claim for damage arising from an interstate shipment must be received by United within nine months from the date the goods were delivered. See Attachment 2 to Defendant's Motion and 49 CFR § 370.3. Therefore, the terms of the contract of carriage required that any claim be filed within nine months after delivery at the Biloxi storage facility, or by June 6, 1996.

In the present case, the Defendant has provided evidence showing that Plaintiffs did not file any claim whatsoever with any party prior to sending correspondence regarding alleged damage to the Biloxi storage facility on February 4, 1998. This is outside the nine-month time period allowed, making the Plaintiff's claim untimely.

*B.   The Timeliness of the Suit*

■ Even if the notice of claim were timely, Plaintiffs were required by the terms of the Bill of Lading and Tariffs to file a civil action for damages within two years and one day from the date notice is given in writing to Plaintiffs that their claim, or any part thereof, has been disallowed. The Defendant has presented evidence that notice was given in March 1998. (Attachment 3 to Defendant's Motion). This suit was filed July 21, 2000. As more than two years and one day elapsed between the date of notice and the date this suit was filed, the suit was untimely.

CONCLUSION

The Defendant has presented competent summary judgment evidence which shows that all state law claims raised by Plaintiffs

in their Complaint against United are preempted by the Carmack Amendment to the Interstate Commerce Act. However, even if Plaintiffs had properly asserted a claim under the Carmack Amendment, the Defendant has shown that Plaintiffs would still be barred from recovery because they failed to timely file a claim and because they failed to timely institute a lawsuit against United. The Plaintiffs presented no summary judgment evidence tending to show the existence of a genuine issue of material fact in support of their claims. Therefore, Defendant is entitled to Judgment pursuant to FED.R.CIV.P. 56 as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendant's Motion for Summary Judgment [11] is **GRANTED.**